T.C. Memo. 1996-262

UNITED STATES TAX COURT

GEORGE W. BROOKE AND KAREN BROOKE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16340-89.            Filed June 7, 1996.

George W. Brooke and Karen Brooke, pro se.

<u>Lavonne D. Lawson</u>, for respondent.

MEMORANDUM OPINION

WRIGHT, <u>Judge</u>:  This matter is before the Court on respondent's motion for order to show cause why judgment should not be entered against petitioners on the basis of a previously decided case.  By order dated August 24, 1994, we granted respondent's motion and ordered petitioners to show cause why judgment should not be entered against them on the basis of the Court's decisions in <u>Wolf v. Commissioner</u>, T.C. Memo. 1991-212,

affd. 4 F.3d 709 (9th Cir. 1993), Feldman v. Commissioner, T.C. Memo. 1991-353, affd. without published opinion 5 F.3d 536 (9th Cir. 1993), and Garcia v. Commissioner, T.C. Memo. 1991-451, affd. without published opinion 5 F.3d 536 (9th Cir. 1993). Respondent filed the above-referenced motion in the instant case with respect to the disallowance of deductions, investment tax credits, and related additions to tax in connection with petitioners' participation in the Encore Leasing Program (Encore). In their response, petitioners failed to provide the Court with an adequate basis upon which they could distinguish themselves from the previously decided cases and were ordered to either sign a stipulated decision in the instant case or appear before the Court for a hearing on the matter. This case was heard at a motions session held on March 27, 1995, at Houston, Texas, and was taken under advisement.

Petitioners resided in Kountz, Texas, at the time the petition was filed. Mr. Brooke (petitioner) was employed as a loan officer at a savings and loan when he invested in Encore. The instant case arises out of petitioners' participation in Encore. Encore was in the business of leasing master recordings of previously released pop and gospel albums.[1] Trials were

---

[1]For a detailed discussion of the facts and the applicable law with respect to participation in the Encore Leasing Program, see Booker v. Commissioner, T.C. Memo. 1996-261; Wolf v. Commissioner, T.C. Memo. 1991-212, affd. 4 F.3d 709 (9th Cir. 1993); Feldman v. Commissioner, T.C. Memo. 1991-353, affd.
(continued...)

conducted in the three above-mentioned cases with respect to deficiencies in and additions to tax resulting from participation in Encore. In each case, we held in favor of respondent on all issues; each case was affirmed by the Court of Appeals for the Ninth Circuit.

Petitioners were among a large number of persons nationwide who invested in the Encore master recording lease program and who claimed credits, deductions, and losses with respect thereto that were disallowed by respondent. In order to resolve common issues, a test case was selected among the cases in which persons whose credits, deductions, and losses had been disallowed by respondent had petitioned this Court for a redetermination of that disallowance. We rendered an opinion in the test case, Wolf v. Commissioner, supra, and held that the Encore lease transaction was a sham entered into without the intent to make a profit in which tax considerations were paramount.

More specifically, in Wolf v. Commissioner, supra, this Court held that: (1) The taxpayers were not entitled to claimed deductions and investment tax credits related to their participation in Encore; (2) the taxpayers' underpayments for the years at issue were due to negligence or intentional disregard of rules and regulations, and as a result, were liable for the

---

[1](...continued)
without published opinion 5 F.3d 536 (9th Cir. 1993); Garcia v. Commissioner, T.C. Memo. 1991-451, affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

additions to tax under section 6653; (3) the taxpayers grossly overvalued the subject master recording and were liable for the addition to tax under section 6659 due to a valuation overstatement; (4) the taxpayers were liable for the increased rate of interest under section 6621(c) due to an underpayment of tax in excess of $1,000 attributable to one or more enumerated "tax motivated transactions"; and (5) the taxpayers were liable for a penalty under section 6673 as a result of advancing frivolous and groundless arguments.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In Feldman v. Commissioner, supra, and Garcia v. Commissioner, supra, the Court held:  (1) The taxpayers' underpayments for the years at issue were due to negligence or intentional disregard of rules and regulations, and as a result, the taxpayers were liable for the additions to tax under section 6653; (2) the taxpayers grossly overvalued the subject master recording and were liable for the addition to tax under section 6659 due to a valuation overstatement; and (3) the taxpayers were liable for a penalty under section 6673 as a result of advancing frivolous and groundless arguments.

Petitioners have not agreed to be bound by the previously decided cases; however, after concessions by the parties, the

sole issue for our determination is whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2) for the taxable year 1984. The underlying transaction in the instant case is essentially identical to the transaction considered in the test case.

Petitioners claimed $7,959 in deductions and $15,000 in investment tax credits with respect to their participation in Encore in the taxable year 1984. Petitioners' investment in the Encore program totaled $10,000 in 1984. Petitioners earned 60 cents in 1984 from the Encore program. Section 6653(a)(1) provides for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an addition to tax of 50 percent of the interest on that portion of the underpayment attributable to negligence. Negligence is defined as a lack of due care or the failure to act as a reasonable person would act under similar circumstances. Chamberlain v. Commissioner, 66 F.3d 729, 732 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1994-228; Heasley v. Commissioner, 902 F.2d 380, 383 (5th Cir. 1990), revg. T.C. Memo. 1988-408; Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that no part of the underpayment for the year at issue is due to negligence or intentional disregard of rules and regulations. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972). The negligence

penalty under section 6653 is correctly assessed in cases where claimed deductions are not supported by the facts.  Sandvall v. Commissioner, 898 F.2d 455 (5th Cir. 1990), affg. T.C. Memo. 1989-56 and T.C. Memo. 1989-189; Marcello v. Commissioner, 380 F.2d 499 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964).

Petitioners contend that they acted in a reasonable manner and exercised ordinary business care and prudence in claiming deductions and credits with respect to their participation in Encore.  In support of their contentions, petitioners allege that they relied upon the financial advice of qualified advisers. Specifically, petitioners argue that they relied on the advice of two individuals, Mr. Aaron Howell and Mr. Derwyn Booker. According to petitioners, Howell has over 20 years' experience as a professional entertainer and has some experience in the recording industry.  Mr. Booker was petitioners' investment counselor and was a paid promoter for Encore.[2]

Under some circumstances, a taxpayer may avoid liability for the additions to tax under section 6653(a)(1) if reasonable reliance on a competent professional adviser is shown.  United States v. Boyle, 469 U.S. 241 (1985); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a

---

[2]See Booker v. Commissioner, supra.

factor to be considered. Freytag v. Commissioner, supra at 888. In order for reliance on professional advice to excuse a taxpayer from the negligence additions to tax, the reliance must be reasonable, in good faith, and based upon full disclosure. Id. Reliance on representations by insiders, promoters, or offering materials has been held an inadequate defense to negligence. LaVerne v. Commissioner, 94 T.C. 637, 652-653 (1990), affd. without published opinion 956 F.2d 274 (9th Cir. 1992), affd. without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991); Marine v. Commissioner, 92 T.C. 958, 992-993 (1989), affd. without published opinion 921 F.2d 280 (9th Cir. 1991). Reliance on a professional adviser can be inadequate when the taxpayer and his adviser knew nothing about the nontax business aspects of the venture. Beck v. Commissioner, 85 T.C. 557 (1985); Flowers v. Commissioner, 80 T.C. 914 (1983).

Based upon our review of the record in the instant case, we find that petitioners' reliance on both Mr. Howell and Mr. Booker was not reasonable. We do not believe Mr. Howell's experience as a professional entertainer, with some experience in the recording industry, gave him the expertise to properly evaluate the economic sense of participation in Encore. We find that petitioners have failed to show that Mr. Howell is a competent professional financial adviser with respect to the leasing and exploitation of a master recording. It is simply not reasonable or prudent for petitioners to rely upon an adviser regarding

matters outside of his field of expertise or with respect to facts which he does not verify.

During 1984, Mr. Booker worked as an agent for Encore, selling its tax shelters at a commission rate of 20 percent of receipts from the sales of leases. Booker v. Commissioner, T.C. Memo. 1996-261. During the latter part of 1984, Mr. Booker issued three newsletters directed to his master recording lease clients entitled DERWYN J. BOOKER, TAX ADVANTAGED INVESTMENT COUNSELING. Id. Mr. Booker received commissions from Encore in the amount of $11,010 in 1984 and in the amount of $2,976 in 1985 with respect to his 1984 master lease sales. Id. As stated earlier, reliance on representations by insiders or promoters is an inadequate defense to negligence. Reliance on professional advice must be objectively reasonable. Chamberlain v. Commissioner, supra at 732; Goldman v. Commissioner, 39 F.3d 402 (2d Cir. 1994), affg. T.C. Memo. 1993-480. Taxpayers may not rely on someone with an inherent conflict of interest. Goldman v. Commissioner, supra at 408. Additionally, taxpayers must be able to show that the adviser reached his or her decisions independently. See Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. T.C. Memo. 1968-98. As an agent for Encore, Mr. Booker had an inherent conflict of interest, as a result of which petitioners can in no way show that Mr. Booker reached his decisions independently when advising them. We find that any

reliance upon Mr. Booker's advice with respect to Encore was not objectively reasonable.

Moreover, no independent experts in the field of leasing master recordings were ever consulted by petitioners. Petitioners claimed deductions and investment tax credits based upon the assumption that they were leasing a master recording purportedly worth $496,000, as listed in the offering materials, and were responsible for marketing such recording for profit. Clearly, this type of transaction would require a careful and meaningful investigation.

Petitioners liken their situation to that of investors in traded stocks who, due to their inability to fully evaluate such investments, rely on the expertise of a stockbroker. Petitioners, through their interest in Encore, however, were purportedly engaged in the trade or business of commercially developing and marketing a master recording with the intent to make a profit. Such activity requires a degree of participation and investigation higher than that which petitioners took and higher than that which a casual investor in stocks undertakes. We believe that a reasonable investor would have done more than petitioners did in determining the profitability of entering into a trade or business with the intent of making a profit. We find that petitioners' actions, in failing to conduct anything approaching a meaningful investigation of Encore, were not the actions that a reasonable and ordinarily prudent person would have taken under the circumstances.

Moreover, any consideration of the Encore prospectus and accompanying tax opinion, in light of their discussions of tax advantages, risk of audit, and risk of litigation in the Tax Court, would have alerted a prudent and reasonable investor to the questionable nature of the promised deductions and investment tax credits.  Although page 1 of the prospectus refers to an "exciting business opportunity while taking advantage of current tax laws", it mentions very little about said opportunity, while strongly emphasizing the benefits derived from the investment tax credit.  The prospectus contains a letter from tax Attorney Mr. Henry D. Nunez, stating the following:

> upon request by Encore, we will assist a lessee and their counsel and accountants if the Internal Revenue Service challenges the tax structure of the transaction as set forth in the Opinion and the lessee is unable to reach a satisfactory resolution at the initial audit level.  Such assistance would include advice in connection with their appearances before the appellate division of the Internal Revenue Service.  We would also be available to assist the lessee's counsel in defense before the U.S. District Court, U.S. Tax Court or the U.S. Court of Claims.

Encore's prospectus contains in substance only one page, discussing in general terms the gospel record market.  The prospectus does not specifically address the master recordings leased by Encore, the quality of such, nor any other facets of the Encore program.

The "How Our Program Works" section of the prospectus is one page in length containing four paragraphs.  Three paragraphs are devoted to the tax aspects of the program, and one paragraph refers to the lease agreement.  The remainder of the page

outlines in tables the amount of advance payment required from the lessee and the amount of investment tax credit passed through to the lessee. The "Financial Section" of the prospectus contains two paragraphs and explains the investment tax credit available with respect to the sound recordings and computer software. There is no analysis in the prospectus of the potential nontax, economic profitability of its leasing program. Also, there is no information in the prospectus regarding the marketability of the master recordings that Encore intends to lease nor any information concerning how master recordings can be marketed. A simple review of such information should have raised serious questions in the minds of ordinarily prudent investors.

Based upon careful consideration of the record, we find that petitioners failed to show that the instant case differs to any material degree from the previously decided cases in which we held the taxpayers liable for the additions to tax for negligence in connection with their participation in Encore. Accordingly, petitioners are liable for the additions to tax under section 6653(a)(1) and (2) due to negligence for the taxable year 1984.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.