T.C. Memo. 2003-39

UNITED STATES TAX COURT

CLAUDIA J. MINER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8472-01.          Filed February 24, 2003.

Claudia J. Miner, pro se.

<u>Scott J. Welch</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's income tax and additions to tax as follows:

| | | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2)[1] | Sec.6654(a) |
| --- | --- | --- | --- | --- |
| 1996 | $30,520 | $6,867.00 | 50% of the interest on $7,019.60 | $1,624.46 |
| 1997 | 27,011 | 6,077.47 | 50% of the interest on $4,591.87 | 1,455.14 |
| 1998 | 35,140 | 7,906.50 | 50% of the interest on $3,865.40 | 1,594.90 |

[1] Respondent concedes that petitioner is not liable for additions to tax under sec. 6651(a)(2) for 1996-98.

After concessions, the issues for decision are:[1]

1. Whether petitioner may deduct margin interest of $1,738.04 in 1996, $1,844.25 in 1997, and $3,764.40 in 1998. We hold that she may to the extent discussed below.

2. Whether petitioner is liable for the addition to tax for failure to file under section 6651(a)(1) for the years in issue. We hold that she is.

3. Whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654(a) for the years in issue. We hold that she is not.

Section references are to the Internal Revenue Code as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1] The parties settled all issues related to unreported income for the years in issue.

FINDINGS OF FACT

A.  Petitioner

Petitioner resided in Holden, Louisiana, when she filed the petition.

B.  Petitioner's Brokerage Account

Petitioner had a brokerage account at Dain Rauscher, Inc. (Dain Rauscher), in 1996, 1997, and 1998 (1996-98).  Predecessor entities of Dain Rauscher include Everen Clearing Corp., Regional Operations Group, Interra Clearing Services, and Personal Retirement Planning Group.  We refer to these predecessor entities as Dain Rauscher.

Petitioner held stocks, bonds, and mutual fund shares in her account in 1996-98.  Her brokers at Dain Rauscher sold stocks, bonds, and mutual fund shares on her behalf during those years and reported those sales to respondent on Forms 1099.  Petitioner paid margin interest to Dain Rauscher totaling $1,738.04 in 1996, $1,844.25 in 1997, and $3,764.40 in 1998.  Petitioner received monthly statements from Dain Rauscher during those years that showed purchases and sales of stocks, bonds, and mutual fund shares on her behalf, and the proceeds she received from those sales, as well as interest, dividends, and capital gain distributions she received.

C.   Respondent's Examination

Petitioner did not file Federal income tax returns for 1996-98.  Respondent began the examination of petitioner's 1996-98 tax years after July 22, 1998.  On April 6, 2001, respondent mailed notices of deficiency to petitioner in which respondent determined deficiencies and additions to tax for petitioner's 1996-98 tax years.  Respondent's determination was based on information returns received from third-parties reporting that the following payments had been made to petitioner during the years in issue:

<u>1996</u>

| <u>Amount</u> | <u>Payor</u> | <u>Description</u> |
|---|---|---|
| $39,000 | Zelesky, Cornelius, Hallmark, Roper | Real estate sales |
| 26 | Zelesky, Cornelius, Hallmark, Roper | Buyer real estate tax |
| 1 | Everen Clearing Corp. | Stocks/bonds sales |
| 4 | Everen Clearing Corp. | Stocks/bonds sales |
| 22,769 | Regional Operations Group | Stocks/bonds sales |
| 24,803 | Regional Operations Group | Stocks/bonds sales |
| 8 | Income Fund of America | Dividends |
| 8,214 | Regional Operations Group | Capital gains |
| 10,097 | Regional Operations Group | Dividends |

| | | |
|---|---|---|
| 2 | Washington Mutual Investors Fund | Dividends |
| 14,252 | Regional Operations Group | Interest |
| 71 | Hibernia National Bank | Interest |
| 12 | NationsBank of Texas | Interest |
| 1,361 | NationsBank of Texas | Interest |

## 1997

| Amount | Payor | Description |
|---|---|---|
| $25,000 | Interra Clearing Services | Stocks/bonds sales |
| 8,000 | Interra Clearing Services | Stocks/bonds sales |
| 35,000 | Interra Clearing Services | Stocks/bonds sales |
| 17,106 | Interra Clearing Services | Capital gains |
| 12,265 | Interra Clearing Services | Dividends |
| 12,497 | Interra Clearing Services | Interest |
| 147 | Hibernia National Bank | Interest |
| 40 | Hancock Bank | Interest |

## 1998

| Amount | Payor | Description |
|---|---|---|
| $3,500 | Dain Rauscher | Stocks/bonds sales |
| 7,000 | Dain Rauscher | Stocks/bonds sales |
| 2,000 | Dain Rauscher | Stocks/bonds sales |
| 2,000 | Dain Rauscher | Stocks/bonds sales |
| 3,500 | Dain Rauscher | Stocks/bonds sales |
| 10,000 | Dain Rauscher | Stocks/bonds sales |

| | | |
|---|---|---|
| 15,000 | Dain Rauscher | Stocks/bonds sales |
| 29,380 | Dain Rauscher | Stocks/bonds sales |
| 5,000 | Dain Rauscher | Stocks/bonds sales |
| 10,000 | Dain Rauscher | Stocks/bonds sales |
| 15,310 | Dain Rauscher | Stocks/bonds sales |
| 25,000 | Dain Rauscher | Stocks/bonds sales |
| 887 | Dain Rauscher | Interest |
| 7,770 | Dain Rauscher | Savings bond interest |
| 4 | Hancock Bank | Interest |

OPINION

A.   Whether Petitioner or Respondent Bears the Burden of Proof

Petitioner contends that respondent bears the burden of proof relating to the deficiency because section 7491(a) applies and because the notices of deficiency were arbitrary and erroneous for each year in issue.  We disagree for reasons stated next.

1.   Whether Respondent Bears the Burden of Proof Under Section 7491

Petitioner contends that respondent bears the burden of proof under section 7491(a).[2]  We disagree.

---

[2]  Sec. 7491 provides in pertinent part:

SEC. 7491. BURDEN OF PROOF.

(a) Burden Shifts Where Taxpayer Produces Credible Evidence.--

(1) General Rule.--If, in any court proceeding, a taxpayer introduces credible evidence with respect to
(continued...)

The Commissioner bears the burden of proof under section 7491(a) if, inter alia, the taxpayer has:  (1) Complied with substantiation requirements under the Internal Revenue Code, sec. 7491(a)(2)(A); (2) maintained all records required by the Internal Revenue Code, sec. 7491(a)(2)(B); and (3) cooperated with reasonable requests by the Secretary for information, documents, and meetings, id.

Taxpayers bear the burden of proving that these requirements are met.  H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581. Petitioner did not show that she substantiated her deductions, kept records of her income and expenses, or cooperated with

---

[2](...continued)
any factual issue relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B, the Secretary shall have the burden of proof with respect to such issue.

(2) Limitations.--Paragraph (1) shall apply with respect to an issue only if--

(A) the taxpayer has complied with the requirements under this title to substantiate any item;

(B) the taxpayer has maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews; * * *.

respondent's agents.  Thus, section 7491(a) does not apply.[3]
Sec. 7491(a); Rule 142(a)(2).

>    2.    Whether the Notices of Deficiency Were Arbitrary

Petitioner contends that the notices of deficiency are not entitled to the presumption of correctness, and that respondent bears the burden of going forward to establish the existence and amounts of the deficiencies because respondent's determinations were arbitrary.  Helvering v. Taylor, 293 U.S. 507 (1935).  We disagree.

Petitioner contends that the notices of deficiency were arbitrary because respondent made several concessions and because respondent did not establish petitioner's cost bases in the securities she sold during the years in issue before sending the notices of deficiency.  We disagree.  Petitioner did not file returns for the years in issue.  Respondent reasonably determined petitioner's income based on information returns received from third-parties reporting payments made to petitioner during the years in issue.  Respondent's concessions were based on substantiation provided by petitioner after respondent sent the notices of deficiency.  Respondent issued the notices of deficiency without knowing petitioner's bases in various assets

---

[3]  For similar reasons, sec. 6201(d) does not place on respondent the burden of producing evidence to supplement the information returns.  See McQuatters v. Commissioner, T.C. Memo. 1998-88.

because she did not file returns for 1996-98. Respondent's determination is not made arbitrary or unreasonable because of respondent's failure to have all the facts if the failure is caused by petitioner. Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974).

Petitioner relies on Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. and revg. in part and remanding T.C. Memo. 1990-68, and Senter v. Commissioner, T.C. Memo. 1995-311, for the proposition that respondent's determination is not presumed to be correct unless respondent provides some evidence showing that petitioner received unreported income. Petitioner's reliance on Portillo and Senter is misplaced. In those cases, the Commissioner's determination was held to be arbitrary because the Commissioner produced no reliable evidence that the taxpayer received unreported income for the years at issue. In contrast, respondent's determination in the instant case was based on third-party reports, the accuracy of which petitioner does not dispute.

Petitioner contends that respondent's determination is not supported by any evidence. We disagree. Respondent's determination was based on information reports from third-party payors. The Commissioner may properly determine a deficiency based on Forms 1099. Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997). In Parker, the U.S. Court of Appeals for the

Fifth Circuit held that the Commissioner has no duty to investigate reports by third-party payors that are not disputed by the taxpayer. The Parkers did not dispute their receipt of the payments in question. Like the taxpayers in Parker, petitioner failed to file income tax returns and does not deny that she received unreported income in the years in issue.

3.  Conclusion as to Burden of Proof

We conclude that respondent's determination is presumed to be correct, and petitioner bears the burden of proof. Rule 142(a)(1); Parker v. Commissioner, supra.

B.  Whether Petitioner May Deduct Margin Interest

The parties dispute whether petitioner may deduct margin interest that she paid to Dain Rauscher totaling $1,738.04 in 1996, $1,844.25 in 1997, and $3,764.40 in 1998. Respondent contends that petitioner may not deduct margin interest in the years in issue because she was an investor and not a trader.

1.  Whether Petitioner's Status as an Investor or Trader Controls Whether She May Deduct Margin Interest

Respondent contends that petitioner may not deduct margin interest in 1996-98 because she is an investor and not a trader, and thus the margin interest is not properly allocable to a trade or business. We disagree that petitioner's status as an investor or trader determines whether she may deduct margin interest.

Generally, an individual taxpayer may not deduct personal interest. Sec. 163(h)(1). However, investment interest is not

personal interest, sec. 163(h)(2)(B), and may be deducted to the extent of the taxpayer's net investment income.[4]  Sec. 163(d). Investment interest includes interest which is paid or accrued on indebtedness properly allocable to property held for investment. Sec. 163(d)(3)(A).

2.   Whether Margin Interest Is Investment Interest

Margin interest is interest charged to customers on margin debt incurred in connection with purchases of stock or securities.  In re Olympia Brewing Co. Sec. Litig., 612 F. Supp. 1370, 1374 (N.D. Ill. 1985).  Margin interest generally is investment interest.  See, e.g., Estate of Yeager v. Commissioner, 889 F.2d 29 (2d Cir. 1989), revg. on another issue,

---

[4]  Neither party discussed whether petitioner's margin interest is deductible under sec. 163(d).  Sec. 163(d) provides in pertinent part:

SEC. 163(d). Limitations on Investment Interest.--

(1) In General.--In the case of a taxpayer other than a corporation, the amount allowed as a deduction under this chapter for investment interest for any taxable year shall not exceed the net investment income of the taxpayer for the taxable year.

*     *     *     *     *     *     *

(3) Investment Interest.--For purposes of this subsection--

(A) In general.--The term "investment interest" means any interest allowable as a deduction under this chapter (determined without regard to paragraph (1)) which is paid or accrued on indebtedness properly allocable to property held for investment.

affg. in part, and remanding T.C. Memo. 1988-264; <u>Gundotra v. Commissioner</u>, T.C. Memo. 1995-303, affd. 149 F.3d 1168 (4th Cir. 1998).

### 3. Conclusion

Petitioner invested in securities in 1996-98. The margin interest she paid to Dain Rauscher is investment interest which she may deduct under section 163(h)(2)(B) for 1996-98 to the extent of her net investment income for those years. Sec. 163(d).

### C. Whether Petitioner Is Liable for Additions to Tax for 1996-98

### 1. Failure To File Returns

A taxpayer is liable for an addition to tax of up to 25 percent for failure to file a Federal income tax return unless the failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

In court proceedings arising in connection with examinations beginning after July 22, 1998, section 7491(c) places on the Commissioner the burden of producing evidence showing that it is appropriate to impose the addition to tax under section 6651(a)(1). Petitioner did not file returns for 1996-98. Thus, respondent has shown that the section 6651(a)(1) addition to tax applies, unless petitioner proves that her failure to file was

due to reasonable cause. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001); see Joye v. Commissioner, T.C. Memo. 2002-14.

Petitioner bears the burden of proving that her failure is due to reasonable cause and not willful neglect. See United States v. Boyle, supra; Higbee v. Commissioner, supra at 447. Petitioner did not offer evidence showing that she had reasonable cause for not filing returns for 1996-98 or address this issue on brief. A taxpayer may be deemed to concede an issue that was raised in the petition if he or she makes no argument at trial or on brief relating to that issue. Levin v. Commissioner, 87 T.C. 698, 722-723 (1986), affd. 832 F.2d 403 (7th Cir. 1987); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976). We conclude that petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file her 1996-98 income tax returns.

2.  Failure To Pay Estimated Tax

We have jurisdiction to decide whether petitioner is liable for the addition to tax under section 6654(a) because she did not file an income tax return for the years in issue. Sec. 6665(b)(2); see Meyer v. Commissioner, 97 T.C. 555, 562 (1991).

Respondent determined that petitioner is liable for the addition to tax under section 6654 for failure to pay estimated tax for 1996-98. Petitioner alleged in the petition that she is not liable for the addition to tax under section 6654(a).

To meet the burden of production under section 7491(c), respondent must produce evidence showing that it is appropriate to impose the addition to tax under section 6654 in this case; i.e., that petitioner underpaid or did not pay estimated tax for 1996-98. To be liable for the addition to tax under section 6654 for a year in issue, petitioner must have underpaid or failed to pay estimated tax for that year. Sec. 6654(a). To satisfy the burden of production, respondent must produce evidence showing that petitioner underpaid or failed to pay estimated tax for each year in issue.

Forms 1099 show that Dain Rauscher did not withhold any tax for petitioner for 1996-98. This suggests petitioner may have been required to make estimated tax payments, but it does not speak to whether she did so.

Respondent relies on the notices of deficiency as support for the proposition that petitioner made no estimated tax payments for 1996-98. The workpapers attached to the notices of deficiency for 1996-98 show no tax credits, withholdings, or estimated tax payments for petitioner for those years. Calculations attached to a notice of deficiency are not evidence of the truth of the matters alleged therein. Blanco v. Commissioner, 56 T.C. 512, 515 (1971); Fitzner v. Commissioner, 31 T.C. 1252, 1255 (1959); Blundon v. Commissioner, 32 B.T.A. 285, 288-289 (1935). It is especially appropriate in the context

of section 7491(c), which requires respondent to meet the burden of production, not to treat notices of deficiency as self-proving.  Respondent produced no other evidence of petitioner's tax payment history for 1996-98.[5]

We conclude that respondent did not meet the burden of production under section 7491(c) and therefore hold that petitioner is not liable for, as to, the addition to tax under section 6654.  To reflect the foregoing and concessions of the parties,

Decision will be

entered under Rule 155.

---

[5]  In contrast, in Patton v. Commissioner, T.C. Memo. 2001-256, the Commissioner submitted the taxpayer's Forms W-2, the taxpayer's transcript of account listing Forms 1099B, 1099S, 1099DIV, and 1099INT received by the IRS for the years in issue (which indicated that no Federal income tax was withheld), and the declaration of the revenue agent made under penalties of perjury in which he swore that the taxpayer did not pay tax during the years in issue.  We held that the Commissioner met the burden of production as to the addition to tax under sec. 6654 for failure to pay estimated tax.  See also Motley v. Commissioner, T.C. Memo. 2001-257 (Commissioner produced transcripts of account and the Appeals officer's testimony that the IRS had no record of the taxpayer's making estimated tax payments).  In accord, Dimon v. Commissioner, T.C. Memo. 2002-105 (the record established that the taxpayers made no estimated tax payments, except for a nominal amount withheld from wages, for the year in issue); Howard v. Commissioner, T.C. Memo. 2002-85 (the record established that the taxpayer underpaid the estimated tax due for the year in issue).