T.C. Memo. 2004-251

UNITED STATES TAX COURT


DAVID G. TURNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1219-03.                    Filed November 4, 2004.


David G. Turner, pro se.

<u>Linda J. Wise</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 1999 Federal income tax of $12,869, a $2,573.80
addition to tax under section 6651(a)(1),[1] and a $2,573.80

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

penalty under section 6662(a) and (b)(1).  After concessions,[2] the issues remaining for decision are:

(1) Whether petitioner received income during 1999.  We hold that petitioner received income in 1999 and consequently is liable for Federal income taxes;

(2) whether petitioner is entitled to an additional personal exemption for his spouse under section 151(b).  We hold that petitioner is not entitled to an additional personal exemption for his wife because she had income during 1999;

(3) whether petitioner is entitled to deductions for charitable contributions, mortgage interest, and real property taxes.  We hold that petitioner cannot deduct his claimed charitable contributions, but hold that petitioner can deduct the portion, as so found, of mortgage interest and real property taxes he paid in 1999; and

(4) whether petitioner is liable for the addition to tax for failing to file a return under section 6651(a)(1) and for the accuracy-related penalty under section 6662(a) and (b)(1).  We hold that petitioner is liable for the addition to tax under section 6651(a), but hold that petitioner is not liable for the

---

[2] The parties stipulated at trial that petitioner did not receive wages from Sunshine Cos. or River Branch Corp. although the notice of deficiency included wages from each.

accuracy-related penalty under 6662(a) and (b)(1) because petitioner's Form 1040, U.S. Individual Income Tax Return, did not constitute a valid return.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Atlanta, Georgia, at the time his petition was filed.

During 1999, petitioner was employed by Primerica Financial Services, Inc. (PFS). At some point before 1999 petitioner submitted Form W-4, Personal Allowances Worksheet, to PFS instructing that PFS not withhold Federal income taxes from his compensation.

Petitioner filed Form 1040 for the 1999 tax year.[3] Petitioner did not enter on the form any financial information for the tax year but instead entered zeros on every line regarding income and reported his total income for 1999 as zero. Petitioner's 1999 filing status was married filing separately, and he claimed the standard deduction on the basis of his filing status. Petitioner also claimed personal exemptions for himself and his spouse, and a dependency exemption for his daughter.

---

[3] We are unable to discern from the record whether petitioner's Form 1040 was timely filed, because it was stamped "Received" by an Internal Revenue Service on July 20, 2000, even though petitioner signed and dated it Apr. 15, 2000.

Petitioner submitted a typewritten document, attached to his Form 1040, that attempted to explain many other reasons why he was not subject to Federal income taxes. On August 4, 2000, in response to petitioner's document, the Internal Revenue Service (IRS) issued a letter which stated that petitioner's Form 1040 and the attachment were frivolous. The letter also stated that the IRS would not respond to any future correspondence regarding these claims and provided petitioner with an opportunity to correct his return to prevent the imposition of a frivolous return penalty under section 6702.

On August 10, 2000, petitioner in a letter responded to the IRS's August 4, 2000, letter. Petitioner claimed, among other things, that he was entitled to an administrative hearing before a section 6702 penalty could be imposed, and that his Form 1040 was not frivolous since he relied on caselaw and the Internal Revenue Code. Petitioner continued to send written communications to the IRS repeating these same arguments. On July 11, 2002, the IRS sent a letter to petitioner and enclosed, among other things, two copies of examination reports and requested a response before July 30, 2002. Petitioner was informed that if he failed to respond, a notice of deficiency would be issued. On July 22, 2002, petitioner filed with the IRS Form 12203, Request for Appeals Review, requesting an Appeals Office conference.

On October 30, 2002, respondent issued a notice of deficiency to petitioner with respect to his 1999 taxable year. Respondent computed petitioner's 1999 income using third-party information returns. After concessions, the adjustments to petitioner's income include:

| Form and Payor | Amount Paid |
|---|---|
| W-2, PFS | $60,331.68 |
| 1099B, CitiBank, N.A. | 25.00 |
| 1099-DIV, Hershey Foods Corp. | 162.97 |
| 1099-DIV, SouthTrust Corp. | 1,973.70 |
| 1099-DIV, Colonial BancGroup, Inc.[1] | 1,793.52 |
| 1099-DIV, CitiCorp Preferred Series | 73.00 |
| 1099-INT, Colonial Bank 22 | 65.00 |
| Total | 64,424.87 |

[1] The notice of deficiency indicated that Colonial BancGroup filed two separate Form 1099-DIV information returns, but attached to petitioner's 1999 Form 1040 was a copy of a single Form 1099-DIV which aggregated the amounts on the two received by respondent.

The notice of deficiency also determined the addition to tax under section 6651(a)(1) and the penalty under section 6662(a) and (b)(1).

OPINION

I.  Petitioner's Protester Arguments

Petitioner has asserted frivolous arguments to support his contention that he did not have to pay Federal income taxes for the 1999 tax year.  To educate petitioner, we shall briefly address his arguments.

A.  Petitioner Received Income

Petitioner argues that he did not receive "income" in 1999. This argument relies on petitioner's assertion that the Internal Revenue Code does not define the term "income".  This Court has consistently rejected this argument.

Section 61(a) defines gross income to include "income from whatever source derived".  More specifically, section 61(a) includes in an individual's gross income any compensation for services, interest payments, dividend payments, and gains derived from dealings in property.  Clearly, petitioner's compensation from PFS, interest payments from banks where he maintained accounts, and dividend payments from corporations in which he held stock are gross income for Federal income tax purposes.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955) (stating that gross income includes all accessions to wealth that are clearly realized and under the control of the taxpayer); Grimes v. Commissioner, 82 T.C. 235, 237 (1984); Reiff v. Commissioner, 77 T.C. 1169, 1173 (1981).  Additionally,

petitioner's receipt of sale proceeds from his sale of CitiGroup, Inc. stock is gross income to the extent the amount realized exceeded his basis. See sec. 1.61-7, Income Tax Regs. Petitioner failed to offer any evidence of his basis in the sold stock, and respondent correctly included the full amount in petitioner's gross income. Petitioner also failed to show the date on which he purchased the stock and thus cannot benefit from the applicable long-term capital gains rate.

### B. Compliance With the Federal Income Tax Is Not Voluntary

A Federal income tax is imposed on the taxable income of every married individual who does not make a single joint return with his spouse. Sec. 1(d). Section 6011(a) provides that any person liable "for any tax imposed by this title * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." Section 6012, entitled "Persons Required To Make Returns Of Income", provides that an individual possessing gross income for a taxable year in excess of a specified amount shall file a tax return. Numerous courts have held that the payment of Federal income taxes is not voluntary. United States v. Schiff, 876 F.2d 272, 275 (2d Cir. 1989) (stating the "average citizen knows that the payment of income taxes is legally required"); Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225; McLaughlin

v. Commissioner, 832 F.2d 986, 987 (7th Cir. 1987); Newman v. Schiff, 778 F.2d 460, 467 (8th Cir. 1985).

C.  Respondent's Determinations Were Correct

Generally, absent application of special statutory provisions or principles, the Commissioner's determinations in a notice of deficiency are presumptively correct, and the taxpayer has the burden of proving that those determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  However, section 6201(d) provides that the Secretary shall have the burden of producing, in addition to any information returns, reasonable and probative information concerning a deficiency where a taxpayer has asserted a "reasonable dispute" regarding an item of income reported on a third-party information return and has "fully cooperated" with the Secretary.  See Miner v. Commissioner, T.C. Memo. 2003-39; Gussie v. Commissioner, T.C. Memo. 2001-302.

Respondent conceded at trial certain amounts determined in the notice of deficiency he had issued to petitioner.  Petitioner acknowledged receiving the amounts indicated on the remaining third-party information returns but argued that the payments did not constitute income.  We find that petitioner's argument does not raise a reasonable dispute with respect to the items of income reported in the information returns.  See Parker v. Commissioner, 117 F.3d 785, 787 (5th Cir. 1997) (noting that the

Commissioner has no duty to investigate a third-party information return that is not disputed by the taxpayer). We are also unable to conclude, on the basis of the record, that petitioner has fully cooperated with respondent. A failure to cooperate would also seem to render section 7491(a) inapplicable. Petitioner asserted frivolous arguments to the IRS through numerous submissions, all of which relied on erroneous information. The IRS informed petitioner that his claims were groundless, but instead of remitting the tax he owed, petitioner decided to embark on this painstaking journey.

## II. Exemptions and Deductions

### A. Exemptions

Petitioner claimed two personal exemptions, one for himself and one for his wife, and a dependency exemption for his daughter. Respondent permitted the exemptions for petitioner and his daughter but disallowed the exemption for his wife.

The pertinent part of section 151(b) provides a taxpayer with an exemption for a spouse if the taxpayer and the spouse do not file a joint return, and the spouse had no gross income and is not dependent on another taxpayer during the calendar year in which the taxpayer's tax year began. Any income the taxpayer's spouse received during the applicable tax year precludes the taxpayer from taking an additional personal exemption. See sec. 1.151-1(b), Income Tax Regs.

Petitioner contends that his wife did not receive income during 1999. Respondent argues that petitioner's wife had gross income for the 1999 tax year. Respondent provided evidence in the form of third-party information returns indicating petitioner's wife was the sole recipient of dividend and interest income. Therefore, we find that petitioner is not entitled to claim an exemption under section 151(b) for his wife.

B.   Deductions

As a general rule, deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). It is incumbent upon a taxpayer to maintain records and substantiate any deductions claimed. Sec. 1.6001-1(a), (e), Income Tax Regs.

1.   Donations to Goodwill and the Salvation Army

Petitioner claims he made donations to Goodwill and the Salvation Army. Petitioner did not offer any evidence substantiating these donations. Therefore, petitioner is not entitled to any deductions for these claimed donations.

2.   Mortgage Interest and Real Property Taxes

Petitioner's petition appears to request a redetermination of his tax liability taking into account itemized deductions, mainly mortgage interest and real property taxes paid. There is not a precise record before us regarding real property taxes and mortgage interest.

However, in cases where we have some basis to estimate a taxpayer's expenses, we are permitted to make an approximation. Williams v. United States, 245 F.2d 559 (5th Cir. 1957) (stating that the trier of fact must be satisfied by the evidence that the estimated amount was spent or incurred for the stated purpose); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The approximation may bear heavily upon the taxpayer "whose inexactitude is of his own making." Id. at 544.

The record establishes that petitioner paid real estate taxes and mortgage interest in connection with his residence in the 1999 tax year. We can infer from the information returns and the record that petitioner paid the two liabilities personally, as he was the only member of his family with sufficient income to cover these costs. Respondent did not argue that the mortgage was never paid, nor did he present any evidence that someone other than petitioner paid the mortgage. Instead, at trial, respondent agreed to the amount of the mortgage interest paid in 1999. Petitioner is thus entitled to a deduction for his mortgage interest paid. Turning to the real property taxes, the only figure respondent and petitioner presented at trial related to petitioner's 2003 real property taxes. It is quite possible that from 1999 (the year in issue) to 2003 petitioner's home was reappraised, altering his real property tax liability. Because petitioner's lack of diligence created this inexactitude, we find

that he should receive a deduction for only one-half of the amount of the 2003 liability.  Id.

## III.  Addition to Tax

Respondent determined a section 6651(a)(1) addition to tax against petitioner.  As an initial matter, section 7491(c) places the burden of production on the Commissioner to show that the imposition of an addition to tax or a penalty on an individual is appropriate.  To satisfy this burden, respondent must proffer sufficient evidence indicating that the imposition of the addition or penalty is appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 445 (2001).  Respondent satisfied his burden with respect to the addition to tax by introducing at trial copies of petitioner's 1999 Form 1040, third-party information returns relating to petitioner's income, and documents containing tax-protester rhetoric petitioner submitted to the IRS.

Section 6651(a)(1) generally provides that a taxpayer's failure to file a timely Federal income tax return, taking into account extensions, requires the imposition of an addition to tax, unless the taxpayer shows that such failure was due to reasonable cause and not due to willful neglect.  Petitioner contends that he is not liable for an addition to tax under section 6651(a) since he filed a Form 1040.  Respondent argues that petitioner's Form 1040 does not constitute a valid tax return for section 6651(a)(1) purposes because it failed to

provide sufficient information the IRS could rely on to calculate and assess petitioner's tax liability.  See, e.g., <u>Kartrude v. Commissioner</u>, 925 F.2d 1379, 1383-1384 (11th Cir. 1991), affg. in part, revg. in part and remanding T.C. Memo. 1989-75 and T.C. Memo. 1988-498; <u>Cabirac v. Commissioner</u>, 120 T.C. 163 (2003).

As we have stated previously, a taxpayer who received income beyond a certain amount during the taxable year is required to file an income tax return for that taxable year.  See secs. 6011 and 6012.  To determine whether a taxpayer has filed a valid tax return, we follow the test enunciated in <u>Beard v. Commissioner</u>, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).  To be a valid return under <u>Beard</u>:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

A majority of the Courts of Appeals, including the Court of Appeals for the Eleventh Circuit,[4] have determined that a filed Form 1040 devoid of financial data is not a valid return.  <u>United States v. Pilcher</u>, 672 F.2d 875, 877 (11th Cir. 1982) (finding that a return showing no financial information is not a return

---

[4] The caselaw of the Court of Appeals for the Eleventh Circuit is controlling in this case because it appears to be the proper Court of Appeals to review this decision.  See <u>Golsen v. Commissioner</u>, 54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971).

for section 7203 purposes); United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980) (the Court of Appeals for the Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Court of Appeals for the Fifth Circuit).[5] Additionally, petitioner's attachment of information returns to his Form 1040 does not make his otherwise invalid return valid. Kartrude v. Commissioner, supra at 1384; Reiff v. Commissioner, 77 T.C. at 1177-1178; Halcott v. Commissioner, T.C. Memo. 2004-214; Cumming v. Commissioner, T.C. Memo. 1992-329.

Petitioner's Form 1040 contained zero entries for every line regarding his 1999 income. Petitioner attached to his Form 1040 documents containing tax-protester rhetoric and third-party information returns. Given these facts, petitioner's Form 1040, with attachments, was not a valid return. Petitioner also did not argue, nor do we find, that his failure to file was due to reasonable cause. Consequently, we hold that petitioner is liable for an addition to tax under section 6651(a)(1).

---

[5] Taylor v. United States, 87 AFTR 2d 2001-2518, 2001-2 USTC par. 50,479 (D.C. Cir. 2001); United States v. Mosel, 738 F.2d 157 (6th Cir. 1984); United States v. Grabinski, 727 F.2d 681 (8th Cir. 1984); United States v. Rickman, 638 F.2d 182 (10th Cir. 1980); United States v. Moore, 627 F.2d 830 (7th Cir. 1980); United States v. Edelson, 604 F.2d 232, 234 (3d Cir. 1979); Cabirac v. Commissioner, 120 T.C. 163, 168-169 (2003). The sole case that stands for the idea that a zero return is a valid return is United States v. Long, 618 F.2d 74, 75 (9th Cir. 1980).

IV. <u>Accuracy-Related Penalty</u>

Respondent's notice of deficiency imposed an accuracy-related penalty on petitioner pursuant to section 6662(a) because petitioner's underpayment of tax was attributable to negligence or disregard of rules or regulations. See sec. 6662(b)(1). However, section 6664(b) provides that an accuracy-related penalty under section 6662 is applicable only where a return has been filed. In <u>Williams v. Commissioner</u>, 114 T.C. 136, 143 (2000), we held that a taxpayer is not liable for a section 6662(a) penalty if we find that the taxpayer's return was invalid. See <u>Hart v. Commissioner</u>, T.C. Memo. 2001-306.

In support of respondent's determination that petitioner was liable for an addition to tax under section 6651(a)(1), respondent argued petitioner's Form 1040 was not a valid return. After carefully considering the issue <u>supra</u>, we agreed. Respondent now contends that petitioner is liable for an accuracy-related penalty with respect to the same Form 1040. It is illogical and inconsistent with <u>Williams</u> for respondent to argue that petitioner's Form 1040 was not a valid return for section 6651(a)(1) purposes, but that very same return was valid for purposes of imposing an accuracy-related penalty under section 6662(a). Therefore, we find that petitioner is not liable for the accuracy-related penalty under section 6662(a) and (b)(1).

To reflect the foregoing,

Decision will entered

under Rule 155.