T.C. Summary Opinion 2008-120

UNITED STATES TAX COURT

MOUSSA I. KOUROUMA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20515-06S.                    Filed September 11, 2008.

Moussa I. Kourouma, pro se.

<u>Harry J. Negro</u> and <u>JoAnn F. Zidanic</u>, for respondent.

JACOBS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion shall not be treated as precedent for any other
case.  Subsequent section references are to the Internal Revenue
Code (Code) as amended, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

Respondent determined deficiencies of $11,649 and $11,209, respectively, in petitioner's 2003 and 2004 Federal income tax.[1] In addition, respondent determined that petitioner is liable for accuracy-related penalties under section 6662 of $2,329.80 for 2003 and $2,241.80 for 2004. After concessions by petitioner, the issues remaining for decision are: (1) Whether an activity carried on by petitioner (operated under the name Excelix) constituted a trade or business within the purview of section 162, and if so, whether petitioner is entitled to deduct certain expenses he claims he incurred with respect to the Excelix activity in 2003 and/or 2004; (2) whether petitioner is entitled to charitable contribution deductions for 2003 and/or 2004;[2] and (3) whether petitioner is liable for accuracy-related penalties under section 6662 for 2003 and/or 2004.

---

[1]Respondent determined that petitioner's correct tax liability for 2003 is $10,962, rather than $227 as reported on petitioner's 2003 tax return. Also, respondent disallowed an additional child tax credit of $914; thus, the deficiency determined for 2003 is $11,649.
Respondent determined that petitioner's correct tax liability for 2004 is $10,209, rather than zero as reported on petitioner's 2004 tax return. Also, respondent disallowed an additional child tax credit of $1,000; thus, the deficiency determined for 2004 is $11,209.

[2]Respondent, in his notice of deficiency, disallowed various other claimed deductions. Petitioner either explicitly conceded those items or did not address them at trial. Consequently, petitioner is deemed to have conceded entitlement to such deductions pursuant to Rule 34(b)(4).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Delaware.

Petitioner, a native of Guinea, is an electrical engineer. From 2002 to 2007 petitioner worked full time as an analyst/trader for PHI Service Co. (PHI), a company which trades (i.e., purchases and sells) electrical power.

Commencing in 2002, petitioner attempted to interest electric companies in acquiring software that he had developed which could be used to predict the future price of electricity. Accurately predicting the price of electricity enabled the electric company to purchase electricity when prices were low and sell electricity when prices were high. In 2004 the State of Delaware issued a business license to petitioner to conduct this activity under the name Excelix.

Petitioner's Excelix activity did not generate any revenues in 2002. Petitioner's Excelix activity generated $750 of revenues, from one customer, in 2003. Petitioner's Excelix activity did not generate any revenues in 2004. Excelix did not have any employees during 2003 or 2004. Petitioner's Excelix activity was ultimately unsuccessful, generating $5 million of unpaid liabilities and/or losses by the time of trial.

Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for 2003 and 2004, reporting $750 of income from Excelix in 2003 and no income from Excelix in 2004. On a Schedule C, Profit or Loss from Business, attached to each return, petitioner claimed an array of deductions stemming from his Excelix activity amounting to $43,473 in 2003 and $35,787 in 2004.

On Schedules A, Itemized Deductions, petitioner claimed charitable contribution deductions of $22,180 in 2003 and $10,500 in 2004. Petitioner reported tax of $227 on his 2003 return and no tax obligation on his 2004 return. After taking into account wage withholdings and child tax credits, petitioner claimed that he was entitled to tax refunds of $16,049 for 2003 and $14,207 for 2004.

Respondent asserts that: (1) Petitioner's Excelix activity in 2003 and 2004 did not constitute a trade or business for which deductions under section 162 are available; and (2) even if petitioner's Excelix activity constituted a trade or business, petitioner failed to substantiate his claimed deductions with respect thereto.

Respondent contends that any contributions petitioner made in 2003 and 2004 were not deductible under section 170 because they were not made to an organization created or organized in the United States. Respondent further claims that petitioner did not

adequately substantiate his claim that he made deductible charitable contributions. Finally, respondent asserts that petitioner is liable for the section 6662 accuracy-related penalty for 2003 and 2004 for substantial understatements of income tax.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the burden of proving an error is on the taxpayer. Rule 142(a). However, pursuant to section 7491(a), the burden of proof with respect to any factual issue relating to ascertaining the liability for tax shifts to the Commissioner if the taxpayer: (1) Maintained adequate records; (2) satisfied the substantiation requirements; (3) cooperated with the Commissioner's agents; and (4) during the Court proceeding introduced credible evidence with respect to the factual issue involved. The taxpayer bears the burden of proving that he has met the requirements of section 7491(a)(2). Miner v. Commissioner, T.C. Memo. 2003-39; Nichols v. Commissioner, T.C. Memo. 2003-24, affd. 79 Fed. Appx. 282 (9th Cir. 2003).

Although neither party has directly raised section 7491(a) as an issue, for the reasons discussed infra we conclude that petitioner has neither complied with all substantiation requirements of the Code nor maintained all required records. See secs. 6001, 7491(a)(2). Consequently, petitioner has the

burden of proof respecting factual issues relevant to his liability for the deficiencies in tax determined by respondent.

Petitioner's Excelix Activity

Respondent determined that petitioner's Excelix activity did not constitute an active trade or business for which deductions under section 162 are available.

To be engaged in a trade or business within the meaning of section 162(a), an individual taxpayer must be involved in the activity with continuity, regularity, and the primary purpose of deriving a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987). Whether the taxpayer is carrying on a trade or business requires an examination of all of the facts in each case. Id. at 36.

Although a reasonable expectation of profit is not required, the taxpayer's profit objective must be actual and honest. Dreicer v. Commissioner, 78 T.C. 642, 644-645 (1982), affd. without published opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Whether a taxpayer has an actual and honest profit objective is a question of fact to be answered from all of the relevant facts and circumstances. Hastings v. Commissioner, T.C. Memo. 2002-310; sec. 1.183-2(a), Income Tax Regs.

The pertinent regulations set forth a nonexhaustive list of factors that may be considered in deciding whether a profit

objective exists. These factors include: (1) The manner in which the taxpayer carries on the activity, (2) the expertise of the taxpayer or his advisers, (3) the time and effort expended by the taxpayer in carrying on the activity, (4) the expectation that assets used in the activity may appreciate in value, (5) the success of the taxpayer in carrying on other similar or dissimilar activities, (6) the taxpayer's history of income or losses with respect to the activity, (7) the amount of occasional profits, if any, which are earned, (8) the financial status of the taxpayer, and (9) the elements of personal pleasure or recreation. Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(b), Income Tax Regs. No single factor or group of factors is determinative. Golanty v. Commissioner, supra at 426. A final determination is made only after a consideration of all of the relevant facts and circumstances.

We do not believe it necessary to analyze each of the factors enumerated in section 1.183-2(b), Income Tax Regs., in determining whether petitioner engaged in the Excelix activity with an actual and honest objective of making a profit. Rather, we focus on the factors we believe more important and applicable in this case. Our analysis of those factors leads to the conclusion that petitioner's Excelix activity was not a trade or business for purposes of section 162.

The record shows that petitioner's Excelix activity generated $750 of revenue in 2003, and no revenue in 2002 or 2004. Moreover, it appears that the Excelix activity did not generate revenues in any subsequent year. Consequently, the Excelix activity generated a substantial amount of debt and/or losses.

It does not appear that petitioner kept contemporaneous or methodical records of any kind with respect to his Excelix activity. The scant documentation that petitioner submitted at trial in support of his claim that he incurred deductible business expenses was unreliable and contradictory.[3] Petitioner did not hire any employees or advisers in connection with his Excelix activity, with the possible exception of one person, in 2002.[4] In sum, petitioner failed to carry his burden of proving

---

[3]For example, petitioner attempted to substantiate claimed travel expenses by submitting a mileage summary showing that in 2003 he made sixty-seven 64-mile trips to Valley Forge, Pa., fourteen 72-mile trips to Baltimore, Md., four 283-mile trips to Albany, N.Y., twelve 316-mile trips to Pittsburgh, Pa., twelve 283-mile trips to Rensselaer, N.Y., and fourteen 295-mile trips to Holyoke, Mass. Petitioner submitted a calendar which purported to reflect meetings he attended in pursuit of his Excelix activity. We do not find this evidence credible because in our opinion the timing and frequency of such meetings would have been incompatible with contemporaneous full-time employment at PHI.

[4]Petitioner did not sufficiently investigate the background of that person, also a native of Guinea, to determine whether that person was in the United States lawfully. Following the arrest of that person, petitioner posted a bond, and thereafter the person absconded. While these events do not reflect on the

(continued...)

that he was involved in the Excelix activity with the requisite continuity and regularity and with the primary purpose of deriving a profit.  See Commissioner v. Groetzinger, supra at 35. Because we agree with respondent's determination that petitioner's Excelix activity was not a trade or business for purposes of section 162, we hold that petitioner is not entitled to the deductions for expenses he claims he incurred with respect to the Excelix activity in 2003 and 2004.

Respondent's determination with respect to this issue is sustained.

Petitioner's Charitable Contribution Deductions

Petitioner claimed charitable contribution deductions of $22,180 in 2003 and $10,500 in 2004.

Section 170 (a)(1) allows a deduction for charitable contributions during the taxable year if verified as provided in the regulations.  The term "charitable contribution" includes a contribution or gift to a corporation, trust, or community chest, fund, or foundation, with certain provisos.  Sec. 170(c).  For example, the recipient organization must have been "created or organized in the United States or in any possession thereof, or

---

4(...continued)
expertise of the person as an adviser to petitioner with respect to his Excelix activity (if, as petitioner claims, the person did actually advise petitioner with respect to the Excelix activity), they highlight petitioner's lack of a businesslike approach to his selection of an adviser as well as to his Excelix activity generally.

under the law of the United States, any State, the District of Columbia, or any possession of the United States". Sec. 170(c)(2)(A). Furthermore, no part of the net earnings of a qualified organization may inure to the benefit of any private shareholder or individual. Sec. 170(c)(2)(C).

The charitable contribution deduction is subject to certain substantiation requirements. Sec. 170(f)(8). No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution from the qualified donee organization. Sec. 170(f)(8)(A). This written acknowledgment must state the amount of cash and a description (but not necessarily the value) of any property other than cash the taxpayer donated and whether any consideration was given to the taxpayer. Sec. 1.170A-13(f)(2), Income Tax Regs.

It appears that the charitable contributions petitioner claimed in 2003 and 2004 related to an organization in Guinea, and not to an organization described in section 170(c)(2)(A). Petitioner did not provide any documentary evidence, such as checks or wire transfers, of having made payments to any charitable organization, either in the United States or elsewhere. Therefore, we hold that petitioner did not carry his burden of proving his entitlement to the claimed charitable contribution deductions.

Respondent's determination with respect to this issue is sustained.

Petitioner's Liability for Accuracy-Related Penalties

Under section 7491(c) the Commissioner has the burden of production with respect to any penalty. Once the Commissioner meets the burden of production, the taxpayer continues to have the burden of proof with respect to whether the Commissioner's determination of the penalty is correct. Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001).

Respondent determined that petitioner is liable for the section 6662(a) penalty because he underpaid his tax for both 2003 and 2004 and that those underpayments are attributable to substantial understatements of income tax within the meaning of section 6662(b)(2). For purposes of section 6662(b)(2), an understatement is equal to the excess of the amount of tax required to be shown in the tax return over the amount of tax shown in the return, sec. 6662(d)(2)(A), and is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10 percent of the tax required to be shown in the return for that taxable year or $5,000, sec. 6662(d)(1)(A).

Petitioner's 2003 return reported tax of $227. Respondent determined, and we agree, that the tax required to be shown on the return was $10,962. Petitioner's 2004 return reported no

tax.  Respondent determined, and we agree, that the tax required to be shown on the 2004 return was $10,209.  The understatement for each year exceeds 10 percent of the tax required to be shown in the returns and for each year the amount of the understatement is greater than $5,000.  There are substantial understatements for both 2003 and 2004.  See sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion.  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the taxpayer's proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional, such as an accountant, does not necessarily demonstrate reasonable cause and good faith unless, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith.  Id.  In this connection, a taxpayer must demonstrate that his/her reliance on the advice of a professional concerning substantive tax law was objectively reasonable.  Chamberlain v. Commissioner, 66 F.3d 729, 732-733 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1994-

228; <u>Goldman v. Commissioner</u>, 39 F.3d 402, 408 (2d Cir. 1994), affg. T.C. Memo. 1993-480.

Petitioner has not carried his burden of proving that he had reasonable cause and acted in good faith with respect to the underpayment for either 2003 or 2004. Petitioner testified that he relied on a person who lived in the same housing complex as he did as his "tax and legal assistant" and later discovered that person was not qualified to render legal or accounting advice. There is no corroborating evidence to substantiate petitioner's claim that he relied on the assistance or collaboration of another person in connection with the preparation of either his 2003 or his 2004 tax return. Assuming that petitioner relied on another person, petitioner admitted that person was not qualified to render legal or accounting advice. In any event, there is nothing in the record to enable us to hold that petitioner's reliance on that other person was reasonable. Finally, we are mindful that neither the 2003 nor the 2004 tax return was signed by a tax return preparer. Therefore, we cannot hold that petitioner reasonably relied on the informed and studied advice of a competent tax professional.

Although petitioner does not have a background in taxation, he is an educated professional. We doubt that petitioner reasonably and in good faith could have believed that he was entitled to the deductions which respondent disallowed. Because

petitioner has failed to prove that he is entitled to relief under section 6664(c)(1), we reject petitioner's arguments that he should be relieved of the section 6662 penalties.

Respondent's determination with respect to this issue is sustained.

To reflect the foregoing and concessions by petitioner,

<u>Decision will be entered</u>

<u>for respondent</u>.