**Paul F. NICHOLS; et al., Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 03–71299.
IRS No. 6725–01.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

Paul F. Nichols, Pro Se.

Gary R. Allen, U.S. Department of Justice, Chief—Appellate Section, Tax Division, Charles S. Casazza, Clerk, U.S. Tax Court, John B. Williams, Jr., Tax Litigation Division, IRS, Teresa E. McLaughlin and Patricia M. Bowman, Attorney, DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Respondent–Appellee.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Paul F. and Eleanore M. Nichols appeal pro se from a decision of the United States Tax Court upholding the Commissioner of Internal Revenue's ("Commissioner") determination of income tax deficiencies for

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the tax years 1997 and 1998, and an accuracy-related penalty under 26 U.S.C. § 6662. We have jurisdiction under 26 U.S.C. § 7482. We review for clear error the Tax Court's determination that a transaction lacked economic substance, *Keane v. Commissioner*, 865 F.2d 1088, 1090 (9th Cir.1989), and its finding that a taxpayer is liable for accuracy-related penalties, *Custom Chrome, Inc. v. Commissioner*, 217 F.3d 1117, 1121 (9th Cir.2000). We affirm.

The Tax Court did not err in determining that the trusts the Nichols created were shams, because the record shows that they lacked economic substance. *See Zmuda v. Commissioner*, 731 F.2d 1417, 1421 (9th Cir.1984). In making this determination, the Tax Court properly placed the burden of proving the deficiencies incorrect on the Nichols, because the record shows they did not cooperate with the Commissioner's reasonable requests for information and documents. *See* 26 U.S.C. § 7491(a)(2)(B).

Because the Nichols cited no substantial authority for their understatement of income, the Tax Court did not err in imposing an accuracy-related penalty under 26 U.S.C. § 6662. *See Custom Chrome*, 217 F.3d at 1127–28.

The Nichols' contentions that they should have received a signed tax assessment lack merit because once a taxpayer challenges a notice of deficiency, an assessment cannot be made, and the three-year limitations period for making an assessment is suspended, until the Tax Court makes a final determination. *See Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 312 (9th Cir.1982) (discussing tax assessment procedure).

The Nichols' contention that this action is barred by the statute of limitations for fraudulent conveyance actions lacks merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.