T.C. Summary Opinion 2008-80


UNITED STATES TAX COURT


ROGER A. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2253-07S.                    Filed July 10, 2008.


Roger A. Green, pro se.

<u>Michael Sargent</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $2,950 deficiency in petitioner's Federal income tax for 2004. The issues for decision are: (1) Whether petitioner is entitled to deduct unreimbursed employee business expenses for use of his personal vehicle, and (2) whether petitioner is entitled to deduct unreimbursed employee business expenses for tools, boots, and clothes for the year in issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in West Virginia when the petition was filed.

Petitioner was employed by W. Harley Miller Contractors (Harley Miller) of Martinsburg, West Virginia, as a general construction worker during 2004. Petitioner began working for Harley Miller in 2003 when he saw an advertisement for construction workers posted on one of their trucks. Petitioner applied for a job with the company and traveled to Martinsburg for his interview. At that time he was unable to find a similar construction job in Keyser, West Virginia.

Harley Miller assigned petitioner to work on several of its many job sites within the vicinity of Martinsburg. During the

year in issue petitioner worked at job sites in Martinsburg and Spring Mills, and along Interstate Route 81. The Spring Mills and Interstate Route 81 job sites were near Martinsburg. These sites were 110 miles, 126 miles, and 136 miles, respectively, away from petitioner's home in West Virginia. These jobs involved the construction and remodeling of middle and high schools, refurbishment of a State police barracks, and the construction of an Interstate rest stop area.

Petitioner drove back and forth between his residence and the work site each day. Petitioner worked long days, often leaving his home very early in the morning and returning home in the evenings. He worked every day in 2004 except holidays and weekends. Petitioner did not stay overnight near the work site but instead returned to his home each evening to care for his ailing mother with whom he resided. Petitioner decided not to relocate his residence to Martinsburg because of his mother's declining health.

Harley Miller required petitioner to provide his own work boots, gloves, bib overalls, and outdoor gear. Petitioner was also required to bring his own tools to the job site. These tools consisted of drill sets, hammers, saws, and trowels. Harley Miller did not reimburse petitioner for any of the aforementioned items.

Because he often left his home early in the morning,

petitioner would usually stop for breakfast on his way to work. Since most of the job sites were in remote areas, petitioner would usually order out for lunch with the rest of the construction crew.  Harley Miller did not pay for or reimburse the cost of lunch.  Although petitioner kept receipts for his meals for 2004, he subsequently lost all of these receipts when he moved from his ex-girlfriend's residence back to his parents' home.

Petitioner maintained a mileage log using a pocket calendar that he kept in his vehicle.  At the end of each day, petitioner would record the total miles that he drove that day.  Petitioner drove an average of 4,742 miles each month in 2004 to and from his home to the job sites.

Petitioner was employed by Harley Miller until November of 2005 when he was no longer assigned to work on any of the company's construction jobs.  Petitioner was unemployed at the time of trial.

For 2004 petitioner deducted $18,756 in vehicle expenses using the standard mileage rate of 37.5 cents per mile and $1,275 for meals, totaling $20,031.[1]  He also deducted $190 for boots and clothes.  Petitioner did not claim entitlement to any

---

[1] The $1,275 for the meals expense was the amount after reduction for the sec. 274(n) 50-percent limitation, and the $20,031 is the total before the application of the 2-percent floor provided by sec. 67(a).  The $190 is also before the application of the 2-percent floor.

deduction for unreimbursed employee business expenses related to tools on his 2004 return.  In the notice of deficiency respondent disallowed all of the aforementioned deductions.

## Discussion

Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect.  Rule 142(a).  However, section 7491(a) may in specific circumstances place the burden on the Commissioner with regard to any factual issue relating to the taxpayer's liability for tax if the taxpayer produces credible evidence with respect to that issue and meets the requirements found in section 7491(a)(2).  The taxpayer bears the burden of proving that he has met the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests.  Miner v. Commissioner, T.C. Memo. 2003-39; Nichols v. Commissioner, T.C. Memo. 2003-24, affd. 79 Fed. Appx. 282 (9th Cir. 2003).

Neither party raised section 7491 as an issue.  Although we find that petitioner did substantiate some of his claimed vehicle expenses, he did not comply fully with respondent's requests for that documentation before trial.  Since petitioner has not met the requirements of section 7491(a)(2), we find that the burden of proof remains with him.

The foremost issue--the determination of petitioner's tax

home--is a legal one, and our decision with respect to that issue is unaffected by section 7491. See <u>Estate of Bongard v. Commissioner</u>, 124 T.C. 95, 111 (2005).

Petitioner deducted the vehicle expenses at issue, contending that they were ordinary and necessary business expenses incurred when Harley Miller assigned him to work at one of its job sites. Respondent contends that petitioner's work outside the area of his residence was a permanent situation and that he made a personal (nonbusiness) choice to drive to and from work rather than to move closer to his employer's headquarters and/or its job sites. In effect, respondent's argument is that petitioner's tax home was where he normally worked and that his trips constituted commuting.

In general, a taxpayer may deduct ordinary and necessary expenses paid or incurred in connection with the operation of a trade or business. Sec. 162(a); <u>Boyd v. Commissioner</u>, 122 T.C. 305, 313 (2004). A trade or business includes the trade or business of being an employee. <u>O'Malley v. Commissioner</u>, 91 T.C. 352, 363-364 (1988). For such expenses to be deductible, the taxpayer must not have the right to obtain reimbursement from his employer. See <u>Orvis v. Commissioner</u>, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

## Vehicle Expenses

Section 262 disallows any deduction for personal, living, or

family expenses. Transportation expenses ordinarily incurred between one's residence and one's principal place of business (a job site) are typically referred to as "commuting expenses" and are nondeductible personal expenses under section 262. Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946).

A taxpayer whose principal place of business is at a distance from his residence cannot deduct the cost of the travel to and from the business or the costs of meals and lodging at the place of business. Such expenses are regarded as personal commuting expenses and are not deductible under section 262. Fausner v. Commissioner, supra; Commissioner v. Flowers, supra. Under an exception to this rule, a taxpayer may deduct travel expenses associated with employment that is temporary (as opposed to indefinite) in duration when the taxpayer is away from home. Sec. 162(a)(2); Peurifoy v. Commissioner, 358 U.S. 59 (1958). Travel away from home generally requires that the taxpayer remain away either overnight or for a period requiring sleep or rest. United States v. Correll, 389 U.S. 299 (1967). Temporary employment has been defined as that which is forseeably terminable or lasting for a relatively short, fixed duration. Boone v. United States, 482 F.2d 417, 419 (5th Cir. 1973). Whether a taxpayer's job is temporary or indefinite is determined by the facts and circumstances of each case. Peurifoy v.

Commissioner, supra at 61.

A judicially and administratively recognized exception to the prohibition of deducting commuting expenses applies when the taxpayer's job is temporary as opposed to indefinite. See McCallister v. Commissioner, 70 T.C. 505 (1978); Rev. Rul. 99-7, 1999-1 C.B. 361. As relevant here, because petitioner's vehicle expenses were for daily transportation, they are deductible if his employment was temporary. Under this exception these expenses must be substantiated under section 274(d)(4) rather than section 274(d)(1).

We are convinced that petitioner accepted his position with Harley Miller knowing that the company was headquartered in Martinsburg (110 miles from Keyser) and that most, if not all, of the possible job sites to which he could be assigned would be near Martinsburg. Moreover, while we appreciate that all of the jobs that petitioner worked on in 2004 were by themselves temporary, we are convinced that petitioner's employment with Harley Miller was indefinite and that petitioner was aware that Harley Miller would assign him to job sites predominantly in the vicinity of Martinsburg and more than 100 miles from Keyser.

On the basis of the entire record, we agree with respondent that petitioner made a personal decision to accept employment with Harley Miller knowing that the location of the company and its job sites were a considerable distance away from Keyser.

While we are sympathetic as to the exact nature of petitioner's personal reason for commuting to and from the job site each day, we cannot ignore that it was for this personal reason that petitioner chose not to move his residence to be near the principal place of his employment. Accordingly, petitioner is not entitled to deduct the vehicle expenses at issue for 2004.

Unreimbursed Employee Business Expenses

As previously stated, a taxpayer generally cannot deduct personal, living, or family expenses. Sec. 262(a). Costs of articles of clothing, including boots, are deductible only if the clothing is required in the taxpayer's employment, is not suitable for general or personal wear, and is not worn for general or personal purposes. Yeomans v. Commissioner, 30 T.C. 757, 767-768 (1958); Nicely v. Commissioner, T.C. Memo. 2006-172.

Petitioner contends that he spent a total of $190 for clothing and boots and $400 for tools in 2004. Petitioner's testimony as to the boots was vague, although he did provide the Court with a photograph of the boots that he wore for 2004. He did not establish whether or how the boots at issue were not suitable for general or personal wear. Petitioner did not provide photographs of the clothing that he was required to wear at work, and he did not explain whether or how the clothing at issue differed from clothing suitable for general or personal wear. Therefore, we are not convinced that either the work boots

or the clothing petitioner wore were unsuitable for general or personal wear.  Accordingly, petitioner is not entitled any deduction for 2004 with respect to boots and clothing.

As previously stated, petitioner did not claim entitlement to any deduction for unreimbursed employee business expenses related to tools on his 2004 return.  Petitioner raised these expenses at trial, and respondent (who may have incorrectly assumed such expenses had, in fact, been claimed on the return) argued that petitioner was not entitled to any amount for tools for lack of substantiation.  Petitioner acknowledged that he had no receipts for any of the tools purchased during 2004.  Although petitioner did provide photographs of his tools to the Court, he acknowledged that the photographs were merely representative of the tools that Harley Miller required him to purchase and not the tools that he actually purchased in 2004.  Petitioner testified that he did purchase a drill set, hammers, trowels, and a Hilti gun in 2004.  As to the hammers purchased, he testified that they were manufactured by Estwing and cost him $30 apiece.  Although petitioner did not testify as to exactly how many Estwing hammers he purchased in 2004, we are satisfied that he purchased at least two hammers during that year.

We are likewise satisfied that petitioner was required to purchase other tools for his job and that he did purchase some of these tools in 2004.  We are not convinced, however, that

petitioner incurred a $400 expense for such tools for 2004.

If a taxpayer establishes that he paid or incurred a deductible business expense but does not establish the amount of the deduction, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  For the Cohan rule to apply, however, a basis must exist on which this Court can make an approximation.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

We are satisfied that petitioner incurred deductible expenses during 2004 for the purchase of two Estwing hammers.  Although we are permitted to estimate the amount of tool expenses under the Cohan rule, we lack any evidence of basis as to the other tools purchased.  Accordingly, we find that petitioner is entitled to deduct $60 of expenses for tools.  However, since the standard deduction is greater than petitioner's deductions allowable on Schedule A, Itemized Deductions, respondent's determination that petitioner is entitled to the standard deduction is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.