T.C. Summary Opinion 2008-89


UNITED STATES TAX COURT


MUHAMMAD MCNEILL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8402-06S.                    Filed July 23, 2008.


Muhammad McNeill, pro se.

Michael T. Sargent, for respondent.


GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a $7,115 deficiency in petitioner's Federal income tax for 2002. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to deduct business-related expenses for the year in issue, and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Maryland when the petition was filed.

Petitioner did not file a Federal income tax return for 2002. Under section 6020(b), and on the basis of information provided to respondent by third parties relating to compensation paid to petitioner, respondent prepared a substitute for return (SFR). In 2002 petitioner received $11,416 of nonemployee compensation from Bal Com, Inc., and $19,117 of nonemployee compensation from Virtek Cable Contractors, Inc. Bal Com, Inc.,

---

[1] The parties agree on the following: (1) Petitioner received a total of $30,533 in nonemployee compensation during 2003; (2) petitioner had no withholdings for 2002; (3) petitioner made no estimated tax payments during 2002; (4) petitioner failed to file his 2002 Federal income tax return; and (5) petitioner worked as a self-employed cable television installer in 2002.

and Virtek Cable Contractors, Inc., were subcontractors for Comcast Cable, Inc., in 2002.

The income tax deficiency respondent determined includes self-employment tax liability based on the income that petitioner conceded he had received from third parties.

On February 6, 2006, respondent mailed a notice of deficiency to petitioner for 2002. On February 26, 2007, petitioner provided respondent's counsel with an unfiled Form 1040, U.S. Individual Income Tax Return, for 2002. Petitioner attached to this unfiled Form 1040 a Schedule C, Profit or Loss From Business, on which he characterized the $30,533 of total nonemployee compensation reported by the aforementioned third parties as "gross receipts or sales". On that same Schedule C petitioner claimed deductions for the following business expenses:

| | |
|---|---:|
| Advertising | $289 |
| Car and truck expenses | 6,926 |
| Insurance | 2,600 |
| Office expense | 330 |
| Vehicles, machinery, and equipment | 1,690 |
| Other business property | 3,600 |
| Repairs and maintenance | 1,289 |
| Supplies | 850 |
| Other expenses | 9,075 |
| Total | 26,649 |

The $9,075 of other expenses included the following: (1) $1,386 for communications; (2) $189 for bank charges; and (3) $7,500 for day workers.

## Discussion

Taxpayers generally bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). However, section 7491(a) may in specific circumstances place the burden on the Commissioner with regard to any factual issue relating to the taxpayer's liability for tax if the taxpayer produces credible evidence with respect to that issue and meets the requirements of section 7491(a)(2). The taxpayer bears the burden of proving that he has met the requirements of section 7491(a)(2)(A) and (B) by substantiating items, maintaining required records, and fully cooperating with the Secretary's reasonable requests. <u>Miner v. Commissioner</u>, T.C. Memo. 2003-39; <u>Nichols v. Commissioner</u>, T.C. Memo. 2003-24, affd. 79 Fed. Appx. 282 (9th Cir. 2003).

Respondent raised section 7491 as an issue. For the reasons discussed <u>infra</u> we agree with respondent that petitioner did not satisfy the requirements of section 7491(a)(2)(A) and (B) as he failed to: (1) Maintain records; (2) make a return; and (3) comply with the rules and regulations as prescribed by the Secretary. See sec. 6001. Since petitioner has not met the requirements of section 7491(a)(2), we find that the burden of proof remains with petitioner.

Respondent determined that petitioner is liable for additions to tax under: (1) Section 6651(a)(1) for failure to

file an income tax return; (2) section 6651(a)(2) for failure to pay income tax; and (3) section 6654(a) for failure to make estimated tax payments. Respondent bears the burden of production with respect to petitioner's liability for the additions to tax. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To meet his burden of production respondent must come forward with sufficient evidence indicating that it is appropriate to impose the additions to tax. See Higbee v. Commissioner, supra at 446-447. The burden of proof with regard to the reasonable cause exception of section 6651(a) remains on petitioner.

Schedule C Expenses

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The taxpayer is required to maintain records sufficient to establish any deduction claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

As previously stated, petitioner prepared but did not file a Form 1040 for 2002 which included a Schedule C. Respondent's position is that petitioner is not entitled to deduct any of the expenses listed on this Schedule C for lack of substantiation.

In support of his position that he is entitled to the Schedule C deductions at issue, petitioner relies primarily on

his testimony and three paycheck stubs that were received into evidence. We found petitioner's testimony to be mainly self-serving and vague with respect to the deductions claimed on the Schedule C. We will not rely on that testimony to establish that petitioner is entitled to any of the Schedule C deductions at issue. See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295.

With respect to the expenses shown on petitioner's Schedule C, section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The only records that petitioner kept with respect to these expenses were the three paycheck stubs that were received into evidence. These stubs were for petitioner's pay from Virtek Cable Contractors, Inc., and show that the company deducted amounts for accident insurance, liability insurance, and ladder rental from each paycheck. The amounts deducted for accident insurance and ladder rental were $25 and $15, respectively, for each of the pay periods reflected on the paycheck stubs. The amounts shown as deducted for liability insurance were $14.38, $17.15, and $13.94, respectively. Petitioner presented no further evidence with respect to these expenses (liability insurance and ladder rental). Petitioner also did not keep any work records, logs, advertisements, employee information, or receipts showing the

types and amounts of all of the expenses that he claimed on the Schedule C.

On the record before us, we find that petitioner has failed to carry his burden of proving he is entitled for taxable year 2002 to deduct under section 162(a) any expenses that he claimed on Schedule C with the exception of $165.47 (the total amounts shown for insurance and ladder rental on the three paycheck stubs received into evidence). Although petitioner did estimate his total cost for insurance for 2002 as $1,800, he provided no evidence to substantiate this amount; and because the record is unclear as to exactly what expenses were incurred with respect to the two companies for which petitioner worked (Virtek Cable Contractors, Inc., and Bal Com, Inc.), we lack the requisite information to estimate any of the claimed Schedule C expenses, including insurance expenses. See Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). But see sec. 274(d); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Additions to Tax

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) for failure to file an income tax return for 2002 and under section 6651(a)(2) for failure to pay the tax due.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to

any extension of time for filing) unless petitioner can establish that his failure to file a return was due to reasonable cause and not due to willful neglect. Petitioner admitted that he did not file a Federal income tax return for 2002. Respondent has therefore met his burden of production. Further, we find that petitioner's failure to file a Federal income tax return for 2002 was not due to reasonable cause but was due to willful neglect. Therefore, we conclude that petitioner is liable for the section 6651(a)(1) addition to tax for 2002.

The section 6651(a)(2) addition to tax for failure to pay is applicable only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). On the 2002 SFR, which was prepared in accordance with the requirements of section 6020(b), respondent calculated a tax liability of $7,115. Pursuant to section 7491(c), respondent bears and has met the burden of production relating to section 6651(a)(2) for 2002. With respect to 2002 petitioner is liable for the section 6651(a)(2) addition to tax on the basis of the amount of tax shown on the 2002 SFR. See sec. 6651(g) (the SFR is disregarded for purposes of determining the addition to tax under section 6651(a)(1) but is treated as the return for purposes of the addition to tax under section 6651(a)(2)). Section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual". This addition to tax is

mandatory unless one of the statutorily provided exceptions applies. See sec. 6654(e); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). There is no exception for reasonable cause or lack of willful neglect. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960).

Under section 6654 the addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability. Sec. 6654(c)(1); Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). Each required installment of estimated tax is equal to 25 percent of the "required annual payment." Sec 6654(d)(1)(A). The "required annual payment" is generally equal to the lesser of: (1) 90 percent of the tax shown on the return or; (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211; Heers v. Commissioner, T.C. Memo. 2007-10. A taxpayer has an obligation to pay estimated tax for a particular year only if he had a "required annual payment" for that year. Wheeler v. Commissioner, supra at 211.

The parties agree that petitioner was required to file a Federal income tax return for 2002, that petitioner did not file a 2002 return, that petitioner failed to make any estimated tax payments, and that petitioner did not have any withholdings for

2002.  In order for the Court to analyze the application of the section 6654(a) addition to tax (as required by section 6654(d)(1)(B)), we must conclude that respondent has met his burden of production of evidence that petitioner had a required annual payment for 2002 payable in installments under section 6654.  To this end, respondent must introduce evidence showing whether petitioner filed a return for the preceding taxable year and, if so, the amount of tax shown on that return.  See Wheeler v. Commissioner, supra at 211.  Respondent did not do so.  Without that evidence, this Court cannot identify the number equal to 100 percent of the tax shown on petitioner's 2001 return, complete the comparison required by section 6654(d)(1)(B), and conclude petitioner had a required annual payment for 2002 that was payable in installments under section 6654.  Consequently, respondent's determination regarding the section 6654 addition to tax is not sustained.

To reflect the foregoing,

Decision will be entered under Rule 155.