T.C. Memo. 2009-122

UNITED STATES TAX COURT

GARY C. LIZALEK, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos.  3202-07L, 14297-07,   Filed June 1, 2009.
            14298-07,  14299-07.

Gary C. Lizalek and Karen N. Lizalek, pro sese.

Frederic J. Fernandez and Mark J. Miller, for respondent.

---

[1]Cases of the following petitioners are consolidated
herewith:  Karen N. Lizalek, docket No. 14297-07; Gary C.
Lizalek, docket No. 14298-07; Gary C. Lizalek, docket No. 14299-
07.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  These consolidated cases are before the Court on petitions for redetermination of three statutory notices of deficiency and a notice of intent to levy.

Respondent determined Federal income tax deficiencies, additions to tax, and penalties against Gary C. Lizalek (petitioner) and Karen N. Lizalek for 2001 through 2005 arising from income petitioner received as follows:

Gary C. Lizalek, docket No. 14298-07:

|  |  | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2001 | $18,988 | $3,111 | $3,457 | $530 |
| 2002 | 4,114 | 926 | 987 | 137 |
| 2003 | 4,254 | 957 | 766 | 111 |
| 2004 | 11,794 | 2,654 | 1,415 | 342 |
| 2005 | 3,329 | 749 | 200 | 134 |

Karen N. Lizalek, docket No. 14297-07:

|  |  | Additions to Tax/Penalty | | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 | Sec. 6662 |
| 2001 | $13,864 | $3,119 | $3,466 | $554 | --- |
| 2002 | 4,613 | --- | --- | --- | $923 |
| 2003 | 4,254 | 957 | 766 | 111 | --- |
| 2004 | 11,794 | 2,654 | 1,415 | 138 | --- |
| 2005 | 3,329 | 749 | 200 | 134 | --- |

Respondent seeks increased deficiencies and additions to tax against petitioner in the event the Court finds that his income is not attributable to Karen Lizalek pursuant to the Wisconsin Uniform Marital Property Act.  Wisc. Stat. Ann. ch. 766 (West 2009).  Respondent also assessed a $500 civil penalty against

petitioner in docket No. 3202-07L under section 6682 for 2005 for providing a false Form W-4, Employee's Withholding Allowance Certificate.

As a protective measure, respondent issued a notice of deficiency to the Gary C. Lizalek Trust (Lizalek Trust) for 2003, 2004, and 2005 in the event that we find that petitioner and/or Karen Lizalek are not subject to tax on the income at issue.[2] Respondent determined Federal income tax deficiencies and penalties against the Lizalek Trust as follows:

Gary C. Lizalek, docket No. 14299-07:

| Year | Deficiency | Penalty Sec. 6662 |
|------|-----------|-------------------|
| 2003 | $25,438 | $5,088 |
| 2004 | 59,448 | 11,890 |
| 2005 | 23,432 | 4,686 |

Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

The issues for decision are:

(1)  Whether petitioner is subject to tax on wages, capital gains, dividends, and/or interest income at issue for 2001

---

[2]The term "trust" is used in this opinion for convenience only and is not intended to be conclusive as to the characterization of the Lizalek Trust for Federal tax purposes.

through 2005 or whether the income may be reported on trust returns.  We hold he is subject to tax;

(2)  whether Karen Lizalek is taxable on half of petitioner's income as community property.  We hold she is not;

(3)  whether petitioner is liable for additions to tax for failure to file under section 6651(a)(1), failure to pay under section 6651(a)(2), and failure to pay estimated tax under section 6654(a) for 2001 through 2005.  We hold he is;

(4)  whether Karen Lizalek is liable for additions to tax for failure to file under section 6651(a)(1), failure to pay under section 6651(a)(2), and failure to pay estimated tax under section 6654(a) for 2001, 2003, 2004, and 2005 and for a section 6662(a) accuracy-related penalty for 2002.  We hold she is not liable;

(5)  whether petitioner is liable for a section 6682 penalty for 2005 for submitting false withholding information to his employer.  We hold he is liable;

(6)  whether petitioner is liable for a penalty under section 6673 for instituting these proceedings primarily for delay and for maintaining frivolous or groundless positions.  We hold he is not liable; and

(7)  whether respondent is liable for a section 6673 penalty for violation of his fiduciary duties and for failing to provide exculpatory evidence.  We hold respondent is not liable.[3]

### FINDINGS OF FACT

Some of the facts have been stipulated.  The stipulations of facts and the accompanying exhibits are incorporated by this reference.  Petitioner and Karen Lizalek resided in Wisconsin at the time of filing their petitions.

In 2001 petitioner was an employee of both Motorola, Inc., and Innovatec Communications, LLC (Innovatec), and earned wage income of $22,172 and $62,019, respectively.  In 2001 petitioner received retirement distributions from Advanced Clearing, Inc., Arrowhead Trust, Inc., Sterling Trust Co., and First Trust Corp. of $29,322, $3,000, $2,525, and $16,481, respectively.  In 2001 petitioner received a capital gain distribution of $14 from Salomon Smith Barney, Inc.

In 2002 petitioner was an employee of Innovatec and Administaff Cos. II, LP (Administaff), and earned wage income of $32,539 and $34,473, respectively.  In 2002 petitioner also received interest income of $11 from Sovereign Bank.

In 2003 petitioner was an employee of Administaff and earned wage income of $75,122.

---

[3]Because we hold that petitioner is subject to tax on the income at issue, we do not sustain the deficiencies and penalties determined against the Lizalek Trust.

In 2004 petitioner was an employee of Administaff and Silver Springs Networks and earned wage income of $21,131 and $61,216, respectively. In 2004 petitioner sold a 50-percent interest in a residence located in Glendale, Wisconsin, for $90,000.

In 2005 petitioner was an employee of both Silver Springs Networks and Invivo Corp. & Subs. (Invivo) and earned wage income of $59,141 and $6,460, respectively.

For the years at issue petitioner's employers reported his wages on Forms W-2, Wage and Tax Statement. None of the employers withheld Federal or State income taxes from petitioner's wages. Some of the Forms W-2 listed various Wisconsin addresses for petitioner. Others listed petitioner's address as Oak Lawn, Illinois. In addition, petitioner received a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for each retirement distribution, and Form 1099-B, Proceeds from Broker and Barter Exchange Transactions, for the capital gain distribution. The Forms 1099-R and Form 1099-B listed a Wisconsin address for petitioner. Petitioner reported the wages and other income on Forms 1041, U.S. Income Tax Return for Estates and Trusts, filed for the Lizalek Trust, listing an address in Milwaukee, Wisconsin.

On each Form 1041 filed for the Lizalek Trust for the years at issue, the Lizalek Trust claimed deductions that offset any

income reported. Accordingly, the Forms 1041 did not report any tax due. Respondent prepared substitute returns under section 6020(b) for petitioner for 2001 through 2005 and for Karen Lizalek for 2001, 2003, 2004, and 2005. Karen Lizalek filed a Form 1040, U.S. Individual Income Tax Return, for 2002.

1. Assessment and Levy of Section 6682 Penalty

Petitioner submitted a Form W-4 to Silver Springs Networks for 2005 that indicated he was "exempt" from withholding. On the Form W-4 petitioner certified that he had no tax liability for 2004 and he did not expect to have a tax liability for 2005. During 2005 Silver Springs Networks did not withhold Federal income tax from petitioner's wages. On January 9, 2006, respondent assessed a $500 civil penalty against petitioner for submitting a false Form W-4. Before assessing the penalty, respondent provided petitioner with an opportunity to provide a new Form W-4. However, petitioner continued to claim that he was exempt from withholding. After making several unsuccessful requests for payment of the civil penalty, respondent issued a final notice of intent to levy on July 1, 2006, with respect to the unpaid civil penalty. On July 11, 2006, petitioner requested a collection due process hearing (CDP hearing) for the levy.

On October 31, 2006, the settlement officer assigned to petitioner's case held a hearing by telephone. During the CDP hearing petitioner claimed that he was exempt from withholding

because the Lizalek Trust earned the wages at issue. He argued that the Internal Revenue Service (IRS) accepted that the Lizalek Trust existed when it assigned an employer identification number (EIN) to the Lizalek Trust in 2000. Petitioner refused to discuss payment of the penalty and did not provide any collection alternatives. The settlement officer determined that petitioner's position was frivolous. On January 16, 2008, respondent issued a notice of determination sustaining the assessment of the section 6682 penalty and the levy.

2. Sanctions

On March 11, 2008, respondent filed a motion to impose sanctions against petitioner in docket No. 14298-07 for instituting the action primarily for delay and for advancing frivolous and groundless arguments. On April 28, 2008, petitioners filed a motion to impose sanctions against respondent in each of the docketed cases claiming respondent violated his fiduciary duties and withheld exculpatory evidence relating to tax forms.

OPINION

A. Reporting of Income

Section 61(a) defines gross income as "all income from whatever source derived". A fundamental principle of income taxation is that income is taxable to the person who earns it. Lucas v. Earl, 281 U.S. 111, 114-115 (1930). An anticipatory

assignment of income from a true income earner to another entity by means of a contractual arrangement does not relieve the true income earner from tax and is not effective for Federal income tax purposes regardless of whether the contract is valid under State law. Id.; Vercio v. Commissioner, 73 T.C. 1246, 1253 (1980). Although taxpayers are entitled to arrange and conduct their affairs and structure their transactions to minimize taxes, a trust is disregarded for Federal tax purposes if it lacks economic substance and was formed solely for tax avoidance purposes. Gregory v. Helvering, 293 U.S. 465, 469 (1935); Zmuda v. Commissioner, 79 T.C. 714, 719-720 (1982), affd. 731 F.2d 1417 (9th Cir. 1984).

Petitioner contends that the Social Security Administration (SSA) created the Lizalek Trust when it issued a Social Security card to petitioner, which constituted a transfer of property. Petitioner further contends that he serves as trustee and the United States is the sole beneficiary. Petitioner asserts that he submitted a written indenture for the Lizalek Trust to the SSA reflecting this relationship that the SSA accepted based on its failure to respond as required by the Privacy Act and the Administrative Procedure Act. Similarly, petitioner argues that the IRS accepted that the Lizalek Trust existed when it assigned an EIN to the Lizalek Trust upon submission of a Form SS-4, Application for Employer Identification Number. Finally,

petitioner argues that the Lizalek Trust was the employee that earned the wages and other income at issue and that the trust properly reported the income on Form 1041.  Respondent contends that the purported trust does not exist in fact or alternatively the Lizalek Trust is a sham or grantor trust.[4]

Petitioner has not established that a valid trust exists. The issuance of a Social Security card is not a transfer of property that creates a trust as petitioner contends. Petitioner's submission of a purported trust document to the SSA and a Form SS-4 to the IRS does not create or in any way acknowledge the existence of a trust.  Petitioner has not provided any legitimate trust documents forming the purported trust.  The purported trust does not reflect economic reality and is not recognized for Federal tax purposes.  Accordingly, we hold that petitioner earned the wages and other income at issue, and the income is includable in his gross income.  See McManus v. Commissioner, T.C. Memo. 2006-68; Nichols v. Commissioner, T.C. Memo. 2003-24, affd. 79 Fed. Appx. 282 (9th Cir. 2003).

For 2004 respondent determined that petitioner is subject to capital gains tax on $90,000 from the sale of a 50-percent interest in real estate.  Although petitioner claims that he had

---

[4]On brief petitioners raise evidentiary issues with respect to certain exhibits respondent offered.  The Court addressed the admissibility of the exhibits at trial, and there is no basis to reconsider the admission of the exhibits into evidence.

a basis of $67,000 in the property, he did not attempt to substantiate his basis. Nor did petitioner establish that he qualifies for the exclusion of gain from the sale of a principal residence under section 121 because he did not show that he owned and used the property as his principal residence for 2 or more years during the 5-year period preceding the sale. Finally, petitioner did not establish that he is entitled to a long-term capital loss carryover as reported on the 2004 Form 1041. Accordingly, petitioner is subject to tax on $90,000 in capital gain for 2004 from the sale of the real estate.[5]

B.   Income Attributable to Karen Lizalek Under Community Property Laws

The deficiency determinations against Karen Lizalek are based upon Wisconsin community property laws that attribute an undivided one-half interest in one spouse's income during the marriage to the other spouse. See Wis. Stat. Ann. sec. 766.31; Gerczak v. Estate of Gerczak, 702 N.W.2d 72, 78 (Wis. Ct. App. 2005). Respondent argues that petitioner and Karen Lizalek were married and were domiciled in the State of Wisconsin during the years at issue and were subject to the Wisconsin Uniform Marital Property Act. See Wis. Stat. Ann. sec. 766.31. Petitioner contends that he was a resident and domiciliary of the State of

---

[5]The trust also reported the sale of a 50-percent interest in the same property in 2002. Respondent did not determine a deficiency with respect to the 2002 sale.

Illinois during the years at issue.  Petitioner and Karen Lizalek further contend that they are not legally married.

For Federal tax purposes the State law of the marital domicile generally controls the determination of marital status.  See Dunn v. Commissioner, 70 T.C. 361, 365-366 (1978), affd. without published opinion 601 F.2d 599 (7th Cir. 1979); Eccles v. Commissioner, 19 T.C. 1049, 1051 (1953), affd. per curiam 208 F.2d 796 (4th Cir. 1953).  In addition, the State law of the taxpayer's domicile, rather than a place of temporary residence, controls the application of State community property laws.  Park v. Commissioner, 79 T.C. 252, 287 (1982), affd. without published opinion 755 F.2d 181 (D.C. Cir. 1985); Webb v. Commissioner, T.C. Memo. 1996-550.

Although petitioner denies that he was domiciled in Wisconsin during the years at issue, it is not necessary to determine his State of domicile because we find that petitioner and Karen Lizalek were not married during the years at issue.  Accordingly, they are not subject to Wisconsin community property laws irrespective of petitioner's State of domicile.  Petitioner testified that he is married to Karen Lizalek under the laws of God.  However, he testified that they do not have a valid State-issued marriage license and they did not participate in a civil marriage ceremony.  We find petitioner's testimony to be credible.  Common law marriage is not recognized in the State of

Wisconsin.  <u>Watts v. Watts</u>, 405 N.W.2d 303, 309 (Wis. 1987); see Wis. Stat. Ann. sec. 765.16 (West 2009).  We hold that petitioner and Karen Lizalek were not married during the years at issue for purposes of Wisconsin community property laws and Karen Lizalek is not liable for taxes on one-half of petitioner's income.  Accordingly, there is no deficiency in Karen Lizalek's taxes for any year at issue.

Respondent amended his answer to assert increased deficiencies and additions to tax against petitioner in the event that we find that the income at issue is not marital property.  Respondent bears the burden of proof with regard to any increased deficiencies.  See Rule 142(a)(1).  For the reasons stated above, respondent has met his burden of proof with respect to the increased deficiencies.  We sustain respondent's determination of increased deficiencies against petitioner for each year at issue on the basis that the entire amount of income at issue is includable in his gross income.

C.  <u>Additions to Tax and Penalty</u>

Respondent determined that petitioner is liable for additions to tax for failure to timely file a return under section 6651(a)(1), failure to timely pay tax under section 6651(a)(2), and failure to pay estimated income tax under section 6654(a), for each year at issue.  The Commissioner bears the burden of production with respect to a taxpayer's liability for

additions to tax under sections 6651(a)(1) and (2) and 6654(a). Sec. 7491(c); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once respondent meets his burden of production, petitioner bears the burden of proof as to substantial authority, reasonable cause, or similar provisions. See sec. 7491(c); Rule 142(a); Higbee v. Commissioner, supra at 446-447. In an amendment to answer, respondent asserted increased additions to tax based on the asserted increased deficiencies for each year at issue. To the extent respondent bears the burden of proof for the increased additions to tax, we find that respondent has met that burden. See Bhattacharyya v. Commissioner, T.C. Memo. 2007-19 n.19; Howard v. Commissioner, T.C. Memo. 2005-144.

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed unless such failure is due to reasonable cause and not due to willful neglect. Petitioner did not file individual returns for the years at issue. He argues that the Lizalek Trust properly reported the income at issue on Forms 1041. Petitioner's frivolous trust arguments do not constitute reasonable cause for his failure to file. Accordingly, we hold that petitioner is liable for the section 6651(a)(1) addition to tax for each year at issue.

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount shown as tax on a return unless such failure is due to reasonable cause and not willful neglect. The

addition to tax applies to an amount of tax shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Respondent prepared substitutes for returns for petitioner that meet the requirements of section 6020(b). The substitutes for returns are treated as returns filed by the taxpayer for purposes of determining the amount of a section 6651(a)(2) addition to tax. Sec. 6651(g)(2). Petitioner has not paid the tax due and has not established that his failure to timely pay was due to reasonable cause. Accordingly, petitioner is liable for the section 6651(a)(2) addition to tax for each year at issue.

Section 6654(a) imposes an addition to tax on an underpayment of estimated tax. A taxpayer generally must pay estimated tax for a particular year if he has a "required annual payment" for that year. Wheeler v. Commissioner, 127 T.C. 200, 211 (2006), affd. 521 F.3d 1289 (10th Cir. 2008). A taxpayer's required annual payment is equal to the lesser of: (1) 90 percent of the tax shown on the individual's return for that year, or if no return is filed, 90 percent of the tax for such year, or (2) if the taxpayer filed a return for the immediately preceding tax year, 100 percent of the tax shown on that return. Sec. 6654(d)(1)(B); Wheeler v. Commissioner, supra at 210-211. The Commissioner must produce evidence that the taxpayer failed to file a return for the preceding year to establish a required annual payment. Wheeler v. Commissioner, supra at 210-212.

Petitioner did not file individual returns for 2001 through 2005 and did not pay estimated tax for those years. In addition, he did not file an individual return for 2000. We do not find that a statutory exception to the addition to tax applies for any year at issue. Therefore, petitioner is liable for the section 6654(a) additions to tax for 2001 through 2005.

Respondent also determined additions to tax and a penalty against Karen Lizalek. Because we hold that Karen Lizalek does not have unreported income and does not owe a tax deficiency for any year at issue, she is not liable for the additions to tax or the penalty.

D.  Section 6682 Penalty for Providing False Withholding Information

Taxpayers have a right to a hearing before a levy is made on any property. Sec. 6330(a). At the hearing a taxpayer may raise any relevant issues relating to the unpaid tax or lien filing, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A). Taxpayers may raise challenges to the existence or amount of the underlying tax liability at a CDP hearing if they did not receive a notice of deficiency or otherwise have an opportunity to dispute the underlying tax liability. Sec. 6330(c)(2)(B).

Following the hearing, the Appeals officer must determine whether to proceed with the collection action, taking into account verification that the requirements of applicable law and

administrative procedures have been met, any relevant issues the taxpayer raised, and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3).

For determinations made after October 16, 2006, we have jurisdiction to review all determinations in section 6330 proceedings.  Sec. 6330(d)(1); Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019.  Respondent concedes that the Court should consider the underlying merits of the section 6682 penalty.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Otherwise, the Court reviews the administrative determination regarding the collection action for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 182.  The abuse of discretion standard requires the Court to decide whether the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law.  Mailman v. Commissioner, 91 T.C. 1079, 1084 (1988).

Section 6682(a) imposes a $500 civil penalty for providing false information with respect to income tax withholding where there is no reasonable basis for such information.  Respondent

imposed a section 6682 penalty against petitioner for submitting a false Form W-4 for 2005 on which he claimed to be exempt from Federal income tax withholding. Petitioner received substantial wages during 2004 and 2005 that he was required to report on his individual returns. He did not substantiate that he was entitled to deductions for 2005 that would offset his tax liability from his 2005 wages. On the Form W-4 submitted petitioner falsely claimed that he had no tax liability for 2004 or 2005, in order to avoid Federal income tax withholding. Petitioner argues that he is not liable for the penalty because the Form W-4 was submitted for the Lizalek Trust. Petitioner's arguments are without merit and do not provide a reasonable basis for claiming an exemption from withholding for 2005. Accordingly, petitioner is liable for the section 6682 penalty.

In addition, the settlement officer did not abuse his discretion in sustaining the levy against petitioner. The settlement officer verified that all requirements of applicable law and administrative procedure were met and considered the arguments petitioner raised. See sec. 6330(c)(3). During the CDP hearing, petitioner made frivolous arguments that he was not liable for taxes on his wages because the Lizalek Trust earned the wages and reported them for both 2004 and 2005. He refused to discuss payment of the penalty and did not provide any collection alternatives, stating that he would rather file for

bankruptcy than pay the $500 civil penalty.  We hold that respondent did not abuse his discretion in sustaining the levy.

E.    Sanctions Under Section 6673

Section 6673(a)(1) authorizes the Court to impose sanctions against a taxpayer of up to $25,000 where the taxpayer (1) institutes or maintains a proceeding primarily for delay, (2) advances frivolous or groundless positions, or (3) unreasonably fails to pursue available administrative remedies.  Section 6673(a)(2)(B) authorizes the Court to impose sanctions against the Commissioner for attorney misconduct by ordering the Commissioner to pay attorney's fees, excess costs, and expenses incurred because of such conduct.

Respondent filed a motion for sanctions against petitioner in docket No. 14298-07 for maintaining this action primarily for delay and asserting frivolous arguments.  Petitioners filed a cross-motion for sanctions against respondent in each of the docketed cases alleging that respondent breached his fiduciary duties and withheld exculpatory evidence.  Petitioners assert numerous frivolous arguments to support sanctions against respondent relating to the Office of Management and Budget numbers on tax forms and the Paperwork Reduction Act of 1995, 44 U.S.C. secs. 3501-3520 (2000), respondent's alleged intimidation, threats of liens, and extortion to interfere with petitioner's obligations as the trustee of the Lizalek Trust, and respondent's

purported attempts to defraud the United States as the beneficiary of the Lizalek Trust.  There is no evidence of attorney misconduct and no basis to impose sanctions against respondent.  Accordingly, we shall deny petitioners' motions for sanctions.

Although petitioner raised frivolous arguments in these proceedings, we decline to impose sanctions against him at this time because this is the first instance that he presented the arguments in Federal court.  Accordingly, we shall deny respondent's motion for sanctions without prejudice to renew.  We warn petitioner that his argument that an SSA-created trust earned the wages and other income at issue and his use of Form 1041 to report his personal income are frivolous and without merit.  This Court may impose a section 6673 penalty of up to $25,000 if he institutes subsequent proceedings that advance similar groundless arguments or if he engages in any conduct that delays the final resolution of these proceedings.

To reflect the foregoing,

An appropriate order and decision will be entered in docket No. 3202-07L.

Decision will be entered for petitioner in docket No. 14297-07.

Decision will be entered under Rule 155 in docket No. 14298-07.

Decision will be entered for petitioner in docket No. 14299-07.